Filed April 5, 1889.

No. 13,657.

## Cunningham v. Hoff et al.

PLEADING.—*Promissory Note.—Loss of.—Exhibit.*—Where a copy of a note sued on is filed with the complaint as an exhibit, no allegations in regard to the loss or destruction of the note are necessary to make the complaint good.

BURDEN OF PROOF.—*Instructions to Jury.—Promissory Note.—Non est Factum.*—In an action on a promissory note, where there is a plea of *non est*

*factum,* an instruction telling the jury that if the plaintiff proved by a preponderance of the evidence that the defendant executed the note, then the burden of proof shifted to the defendant, is right, although the burden of proof as to any particular issue does not change.

From the Carroll Circuit Court.

*L. B. Sims, G. R. Eldridge* and *J. L. Sims,* for appellant. *J. Applegate* and *C. R. Pollard,* for appellees.

OLDS, J.—This is an action upon a note alleged to have been executed on the 1st day of July, 1885, by Graham & Cunningham, for the sum of two hundred dollars, payable one year after date, with interest and attorney's fees. It was alleged in the complaint that said note had been accidentally destroyed by fire. Defendant Graham made default. Defendant Cunningham appeared and filed a demurrer to the complaint, which was overruled. The only objection urged to the complaint is that the allegation in regard to the loss or destruction of the note is not sufficient; that it should have been averred that the loss occurred without the fault of the plaintiff. The complaint is sufficient. There was a copy of the note set out with the complaint, and the allegation that it had been accidentally destroyed by fire was a sufficient allegation to excuse the plaintiff from filing a copy of the note as an exhibit to the complaint; but a copy of the note being filed with the complaint, the pleading was sufficient without any allegation in regard to its destruction. The demurrer to the complaint was properly overruled.

Cunningham filed an answer to the complaint, in three paragraphs. One was a denial of the execution of the note, properly verified; the other two were affirmative answers, one alleging that the note was executed without any consideration, and the other alleging that the note was executed by Graham, in the firm name of Graham & Cunningham, in consideration of an individual debt of Graham. Plaintiff filed a reply in denial to the affirmative answers. Trial by jury, and verdict and judgment for plaintiff, the appellee Hoff.

The only other error assigned is the giving by the court, on its own motion, of instruction number two.

The first instruction presented to the jury the state of the issues, and then followed instruction number two, which is as follows:  " Now, under these issues it will be your duty to determine from the evidence whether Cunningham is liable on the alleged note.   The burden of the issue is upon the plaintiff to show by a preponderance of the evidence that the defendant Cunningham executed the note mentioned in the complaint.   If you find that such a note was executed by Cunningham, then the burden of proof will shift to the defendant, because the presumption, in the absence of evidence, is that there was a sufficient consideration to support the promise to pay the amount expressed in the note."   It is contended by counsel for appellant that this instruction is erroneous by reason of the use of the words " then the burden of proof will shift to the defendant ; "   that it informed the jury that the burden of proof on the issue formed by the plea of *non est factum* changed from the plaintiff to the defendant.   We do not think that the instruction, taken in connection with the first instruction, is subject to the objection urged.   It is true, the burden on any particular issue does not change.   *Fay* v. *Burditt*, 81 Ind. 433, 443 ; *Carver* v. *Carver*, 97 Ind. 497.

This instruction does not inform the jury that the burden on any particular issue shifts.   By the issues as stated, the burden of proof only rested on the plaintiff as to the one issue, and as to the other issues in the case the burden rested on the defendant.

The word " shift," in its ordinary use, means to change, and by this instruction the jury were told that the burden rested on the plaintiff as to the one issue, and if that issue was established in favor of the plaintiff by a preponderance of the evidence, then the burden shifted or changed to the defendant.   That was correct.

If a preponderance of the evidence established the execu-

tion of the note by the defendant, then the burden rested on the defendant to establish one of the affirmative defences pleaded, by a preponderance of the evidence bearing upon such issue.

It is true, the word " shift " was not a very appropriate word to use, and it was not very fully stated as to what issues the burden was upon the defendant; but in view of the defendant having the affirmative of all the other issues joined, it could not have misled the jury.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

