JOHN J. P. READ, Appellant, v. CHARLES N. BRAYTON,
                        Respondent.

The owner of a chattel may in general replevy it from any person who
   has it in his possession and who has no right to retain it as against him.
In an action brought by plaintiff against a bank to recover the amount of
   two certificates of deposit issued by it to him, the bank alleged that the
   certificates were in the hands of one R. as part of the assets of the
   estate of his deceased wife, and that they belonged to that estate. On
   the trial the certificates were produced by R. on a subpœna *duces tecum*,
   and were put in evidence by plaintiff, for whom the court directed judg-
   ment on the certificates, and ordered that they be deposited with the
   clerk of the court, to be retained until the further order of the court, he
   to indorse thereon that they were in judgment against the bank: The
   judgment was reversed on appeal to this court (136 N. Y. 154) on the
   ground that plaintiff was not in a position to surrender the certificates.
   At the expiration of his term of office the then clerk delivered the cer-
   tificates to defendant here, his successor in office. In an action of
   replevin, brought to recover possession of the certificates, an order was
   granted perpetually restraining the prosecution thereof. The title of
   plaintiff to the certificates was not questioned, and it was admitted that
   they were in defendant's custody, and that he refused to deliver them
   up. *Held*, that the order was erroneous; that the court below had no
   authority to impound the certificates and place them beyond the reach
   of a writ of replevin at the suit of the true owner; that the reversal
   of the judgment rendered any further control of the certificates by the
   court or its officers unnecessary, and that the direction of the trial court
   in the former action, that the certificates be retained by the clerk until
   the further order of the court, clothed the clerk with no immunity from
   liability in this action, as the direction was a nullity both as against
   R. and plaintiff.
The principle that where the court has in the administration of justice
   gained possession through its receiver or other officer of the property in
   litigation, it is deemed to be in the custody of the law, and this cannot
   be disturbed without permission of the court, has no application to such
   a case; it applies only where there is a lawful possession under a lawful
   order of the court.
*It seems*, a receiver or other officer of the court is not protected against
   replevin or other common-law action brought by a third person claim-
   ing paramount title to property in his possession as receiver.
Even where property is in the custody of the law it is a matter of course
   for the court, on application made in good faith, to permit suit to be
   brought by a third person claiming rights therein, and if action has been

brought without such permission the court will, if the conduct of plaintiff has not been willful, permit the action to proceed.

Also *held*, that plaintiff was not bound to procure the appointment of representatives of the estate of Mrs. R., and apply to have them brought in as defendants; that whatever might be done to procure the substitution as defendant of the real claimant of a title hostile to that of plaintiff must be done by defendant.

(Argued October 8, 1894; decided October 16, 1894.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made October 3, 1893, which modified and affirmed as modified an order of Special Term which perpetually restrained the further prosecution of this action.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edmund P. Cottle* for appellant.   The order made at General Term was on the sole ground that it was in the nature of a contempt to replevy from and bring an action against the clerk of the court without leave.   No other claim of irregularity in plaintiff's practice is made.   The court erred in applying the rule in question to replevin.   Replevin should not be enjoined for any such reason.   (*Clark* v. *Skinner*, 20 Johns. 468; *Hills* v. *Parker*, 111 Mass. 508; *C. E. Bank* v. *Blye*, 101 N. Y. 303; *Read* v. *M. Bank*, 136 id. 462; *C. N. Bank* v. *I., etc., Bank*, 44 Hun, 386, 392; *Berrick* v. *Berrick*, 21 Barb. 24; *Colson* v. *Arnot*, 57 N. Y. 260; *Magee* v. *Scott*, 9 Cush. 148, 151; *Hedges* v. *Seeley*, 9 Barb. 214; 17 N. Y. 208; *State* v. *Davis*, 1 Black, 101; *Van Winkle* v. *N. J. M. S. Co.*, 37 Barb. 122; *Wilson* v. *Anderson*, 1 B. & Ad. 122; 2 Hilliard on Torts [1st ed.], 248, 254.)   The Special Term order was also erroneous because, not only were the parties named unnecessary, but even improper.   Code of Civil Procedure, section 452, does not apply to actions of replevin, or claim and delivery.   (*King* v. *Seed Co.*, 25 N. Y. Supp. 1115; 123 N. Y. 532, 538, 540; *Lynch* v. *St. John*, 8 Daly, 142; *Chapman* v. *Forbes*, 123 N. Y. 538; Code Civ. Pro. §§ 1709,

1710.) Where an affidavit on a motion asserts a fact positively it can only be controverted by an equally positive denial or by stating facts upon the affiant's knowledge tending to disprove the facts asserted. (*Simmons* v. *Craig*, 17 N. Y. Supp. 24; *Sullivan* v. *Gilroy*, 8 id. 401; Code Civ. Pro. § 1712.) The fact that a party may possibly be subjected to a double recovery in the same matter in suits by adverse claimants, is not a reason for denying relief to a claimant who comes into court alleging and proving his right to the thing demanded. (*E. G. L. Co.* v. *McKeige*, 139 N. Y. 237; *C. E. Bank* v. *Blye*, 101 id. 303, 306.) It is the spirit and policy of the Code and the law to require in the case of an injunction, or in replevin where a party desires to retain possession of the property in dispute, the giving of sufficient security to protect the opposite party from any damage he may suffer by reason of such injunction or loss of possession. This injunction was granted without security. (Code Civ. Pro. § 1703; *Newell* v. *Muxlow*, 115 N. Y. 171.) If the defendant has lawful right to the possession of the property he may, and should, set up his claim of right by answer. (*Newton* v. *Waller*, 12 Wkly. Dig. 314; *Morris* v. *De Witt*, 5 Wend. 71.)

*John Cunneen* for respondent. The controversy between Read and the Rockwells, or their estates, as to the ownership of the certificates, cannot be tried without the presence of the representatives of the estate of the Rockwell decedents. (*Read* v. *M. Bank*, 49 N. Y. S. R. 678.) The action should not proceed without the presence of the representatives of those estates. (*Osterhoudt* v. *Bd. of Suprs.*, 98 N. Y. 249.) A person sued for the recovery of a chattel by one of different persons claiming the right to such possessions, may have such other claimant substituted as defendant in his stead. (Code Civ. Pro. § 820.)

Andrews, Ch. J. The order from which this appeal is taken perpetually enjoined the plaintiff from further prosecuting the

action.   The action was replevin to recover the possession of
two certificates of deposit issued to the plaintiff by the Marine
Bank of Buffalo, payable to his order, one in 1881, and one
in 1883.   The defendant is the clerk of Erie county, and
after the commencement of the action, and before the execu-
tion by the sheriff of the requisition requiring him to replevy
the certificates, further proceedings were stayed on his applica-
tion until the executors or representatives of Elizabeth and
George Rockwell were brought in as parties defendant.   The
plaintiff appealed from the order of the Special Term to the
General Term, and the order was affirmed by that court, with
a modification, however, by which the stay was made absolute.
The General Term proceeded on the ground that the certifi-
cates were held by the defendant as the officer of the court,
and that the commencement of an· action to replevy them,
against the defendant, without the leave of the court, which
had not been obtained, was a contempt of its authority.   We
think the orders of the Special and General Terms were erro-
neous and that a stay of the plaintiff's proceedings, either con-
ditional or absolute, was unauthorized.

It must be assumed on this appeal that the certificates were
the property of the plaintiff.   They are unindorsed, and the
title of the plaintiff is asserted in the affidavit in the replevin
proceedings.   It is admitted that they are in the custody of
the defendant and that he refused to deliver them to the
plaintiff.   The action of replevin was, therefore, brought
against him, and it was no defense that he was in possession
as agent of another, who had no right to possession as
against the true owner.   The owner of a chattel may in gen-
eral replevy from any person who has it in possession and who
has no right to retain it as against him.   (*Hall* v. *White*, 106
Mass. 599 ; *Leighton* v. *Harwood*, 111 id. 67 ; *Rose* v. *Cash*,
58 Ind. 278 ; *Herzberg* v. *Lasher*, 6 Mo. 483.)   The plaintiff
prior to the commencement of this action brought an action
against the Marine Bank to recover the deposits represented
by the certificates.   The bank, among other defenses, alleged
that the certificates were in the possession of George Rockwell

as part of the assets of the estate of his deceased wife, the sister of the plaintiff, and that the moneys deposited belonged to her and were deposited by the plaintiff as her agent.   On the trial of that action the certificates were produced by George Rockwell under a subpoena *duces*, and were put in evidence by the plaintiff.   The court directed a verdict for the plaintiff on the certificates, and at the same time, on its own motion, directed that the certificates be deposited with the clerk of the court and that the clerk should indorse thereon the fact that they were in judgment against the Marine Bank, and he was further directed to seal them up and retain them until the further order of the court.   The direction was obeyed, and on the expiration of the term of office of the then clerk, the certificates were by him delivered to the defendant in this action, his successor in office, who held them under this delivery at the commencement of this action.   The judgment in favor of the plaintiff in the suit against the Marine Bank was reversed in this court (136 N. Y. 154) on the ground that the plaintiff was not in a position to surrender the certificates at the time of the trial, and was not, therefore, entitled to recover.   The new trial in the bank case has not yet been had, and this action was brought presumably to enable the plaintiff, if he shall establish his title to the certificates, to place himself in a position on the trial of the bank action, to meet the conditions upon which his right to recover against the bank depends.

We know of no principle which entitled the court, under the circumstances disclosed, to impound the certificates and place them beyond the reach of the writ of replevin, at the suit of the true owner.   The purpose of the court in directing the detention seems to have been the protection of the bank which issued them, pending any further litigation as to the validity of the judgment.   The reversal of the judgment rendered any further control of the certificates by the court or its officer unnecessary for the purpose indicated.   The direction of the trial judge, that the certificates should be retained by the clerk until the further order of the court, was a summary

assumption of authority, and clothed the clerk with no immunity from liability to respond in an action by the true owner to recover the certificates. The principle that where the court has, in the administration of justice, gained possession through its receiver or other officer, of the property in litigation, it is deemed to be in the custody of the law, and that this custody cannot be disturbed without permission of the court, has here no appropriate application. The principle applies only where there is a lawful possession under a lawful order of the court, and even in cases where property is in the hands of the receiver lawfully appointed, the courts are very cautious not to embarrass persons claiming title hostile to the receiver from pursuing the usual legal remedies for the enforcement of their rights. A receiver is not protected under a general order appointing him receiver of the property of a bankrupt or other person against replevin or other common-law action brought by a third person, claiming paramount title to property in his possession as receiver. (*Corn Exchange Bank* v. *Blye*, 101 N. Y. 303.) So, also, while the property of a judgment debtor taken on execution may be in the custody of the law, so as to prevent any interference by him with the possession of the officer, it may be replevied by a third person claiming superior title. (*Clark* v. *Skinner*, 20 Jo. 468.) Even where the property is in the custody of the law it is matter of course for the court, on application made in good faith, to permit suit to be brought by a third person claiming rights therein, which cannot be fairly adjudicated in the original action or proceeding, and in such case, if the action has been brought without such prior permission, the court will, if the conduct of the plaintiff has not been willful, permit the action to proceed. (*Hills* v. *Parker*, 111 Mass. 508.) The direction of the court made on the trial of the *Marine Bank* case, committing the certificates to the custody of the then clerk, was not made in the course of any contest between the rival claimants of the certificates. The question of title was not being tried as between them. It was involved in the issue made between the plaintiff and the bank. The estate of the plaintiff's sister

was not bound by any adjudication of title made in that action. Her husband brought the certificates into court under compulsion of a subpœna. He could not lawfully be deprived of the possession of the certificates by a summary order of the judge. The order as against him was a nullity, and it was a nullity also so far as it tended to deprive the plaintiff of his right to bring an action in replevin against the clerk or any other person in possession of the certificates. When the judgment of the Marine Bank was rendered, the whole purpose of the order was spent. We think the plaintiff was not bound, as a preliminary to his bringing his action against the clerk, to apply for leave to the court. Such an application could not have been justly denied, if leave was necessary, and even in that case it would be a harsh exercise of authority which visits the plaintiff with the penalty of an absolute stay of his proceedings in the action, for the technical omission to ask the leave of the court to bring it, which could not properly have been refused if application had been made.

The plaintiff was not bound to procure the appointment of representatives of the estates of Mrs. Rockwell and her husband and to apply to have them brought in as defendants. The Code gives a remedy where a third person makes a claim to the property involved in a replevin action (Code, §§ 1709 and 1710), and whatever might be done in procuring a substitution of the real claimant of a hostile title to that of the plaintiff, as defendant in place of the original defendant, must be done by the defendant. That burden he cannot impose on the plaintiff. The clerk may be put to trouble and expense in defending the action, without any fault of his own, but he stands as any other custodian of property who has assumed and strives to retain the custody as against the true owner, without lawful authority.

The orders of the Special and General Terms should be reversed, with costs.

All concur.

Orders reversed.