(43 App. Div. 608.)

### GREENE v. ODELL et al.

(Supreme Court, Appellate Division, Second Department. October 17, 1899.)

CONTEMPT—SUING A RECEIVER WITHOUT LEAVE OF COURT.
> One knowingly suing a receiver for trespass on land in his possession, without leave of court, is guilty of contempt, though the latter had wrongfully converted personal property on the land belonging to the former.

Appeal from special term.

Proceeding by Oliver A. Greene against Henry Odell and others for contempt in bringing an action against plaintiff, as receiver, for trespass without leave of court. From an order adjudging defendant Odell guilty of contempt, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

A. M. & George Card, for appellants.

Charles A. Hopkins, for respondent.

PER CURIAM. It is not contended but that the plaintiff was duly and regularly appointed receiver of the property which was the subject of the action for trespass. The court found, as it was authorized upon the papers to do, that the defendant had notice, at the time of the institution of the action for trespass, of the appointment of the plaintiff as receiver. Consequently he was guilty

of contempt of court in interfering with the possession of the property, or in instituting an action against the receiver for trespass upon the same, without first obtaining leave of the court so to do. Hoe v. Gibson, 7 Paige, 513; In re Christian Jensen Co., 128 N. Y. 550, 28 N. E. 665. The action of trespass had a direct tendency to defeat, impair, and prejudice the rights of the receiver in connection with his control and preservation of the property, and such act clearly constituted a contempt. King v. Barnes, 113 N. Y. 476, 21 N. E. 182. The appellants seem to suppose that the receiver was not rightfully in possession of the property, and that at the time of the institution of the suit for trespass the plaintiff's possession was not complete. If we assume that the order did not authorize the receiver to take possession of the personal property belonging to the defendants, and then upon the premises, it does not affect the present question. The court was clearly authorized to find, upon the papers submitted, that the personal property was of very little value, and that, in effect, it had been abandoned. If, however, it were otherwise, it would not affect the present question. The receiver has not been protected in a conversion of the defendants' personal property. The order appointing him authorized the immediate possession of the property which was the subject of the action, and the only trespass which he committed was in taking possession of the real property as directed by the order. The action which was instituted before the justice was to recover damages for the act of taking possession, and was, as we have seen, unauthorized, and improper, and this would necessarily follow even though he at the same time converted personal property which belonged to the defendants. The court, by its order, has not assumed to protect the receiver, nor to adjudge the defendant guilty upon any such theory. The determination proceeds from the interference by the defendant with the possession of the real property by the receiver, and such an offense, within the authority which we have cited, constituted the act one of contempt, and authorized the judgment which was pronounced. Nothing was decided in Read v. Brayton, 143 N. Y. 342, 38 N. E. 261, which conflicts with this view. Therein the order of the court impounding the certificates was a summary exercise of power, not authorized by any authority. The court held that the order furnished no immunity to the clerk with whom the certificates were impounded, and that an action of replevin might be instituted for their recovery without leave of the court. This determination proceeded upon the ground that the order was void, and furnished no protection to any one. In the present case the appointment of the receiver was in all respects legal and regular, and by virtue thereof he assumed to and did take possession of the property. The defendant sought to interfere with such possession by his action of trespass, and was, therefore, properly adjudged guilty of contempt. The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements.