## MORGAN *v*. HOADLEY ET AL.

[No. 19,256.　Filed March 9, 1901.]

CHATTEL MORTGAGES.—*Foreclosure.—Husband and Wife.—Claim of Ownership by Wife.—Estoppel.*—Where in an action to foreclose a chattel mortgage defendant's wife filed a cross-complaint claiming ownership of the property, and admitted on cross-examination that she knew at various times that her husband was making bills of sale and chattel mortgages to defendant, such instruments were admissible to evidence acts of ownership by defendant and in support of the plea of estoppel in connection with the wife's admissions. *pp. 321, 322.*

INSTRUCTIONS.—*Estoppel.—Evidence.*—An instruction in an action to foreclose a mortgage on a horse, of which defendant's wife claimed to be the owner, to the effect that if a fair preponderance of the evidence showed that she was the owner, and the mortgage was exe-

cuted without her knowledge or consent, and the mortgagee knew, or by the exercise of reasonable diligence might have known that she was the owner of the horse, the verdict should be in her favor, was not erroneous as casting the burden upon the wife of disproving plaintiff's plea of estoppel, where other instructions were given in which the jury was explicitly told that the plea of estoppel must be established by a fair preponderance of the evidence. *pp. 322, 323.*

From the Hendricks Circuit Court. *Affirmed.*

*Eli F. Ritter* and *J. E. Baker,* for appellant.
*E. G. Hogate* and *J. L. Clark,* for appellees.

Baker, J.—Appellee Hoadley began this suit to foreclose a chattel mortgage executed to him by his co-appellee John Morgan. Appellant, wife of John Morgan, on her application became a party defendant and filed a cross-complaint in which she averred that she was the owner of the horse described in the mortgage, that she was a married woman, and that the debt secured by the chattel mortgage was her husband's debt, and prayed that the mortgage be canceled. To this cross-complaint Hoadley answered (1) estoppel, and (2) general denial. The trial resulted in a judgment of foreclosure. The only assignment is that the court erred in overruling Mrs. Morgan's motion for a new trial.

It is contended that the finding is not sustained by sufficient evidence. There was evidence in support of every allegation necessary to warrant a recovery by Hoadley. This court will not undertake to say which side had the preponderance.

Appellant complains of the admission of various bills of sale and chattel mortgages executed by John Morgan to Hoadley at different times prior to the execution of the chattel mortgage in suit. They were offered by Hoadley in making his defense to the evidence introduced by Mrs. Morgan in support of her cross-complaint. John Morgan had sworn that the horse was his wife's. Mrs. Morgan had testified to the same thing. On cross-examination she had

admitted that she knew at the various times that her husband was making bills of sale and chattel mortgages to Hoadley and that she stood by and permitted the horse to be treated as her husband's. The instruments were admissible to evidence acts of ownership by John Morgan and to support the plea of estoppel in connection with appellant's admissions.

The fifth instruction is assailed on the ground that the court thereby cast upon appellant the burden of disproving Hoadley's plea of estoppel. In the fourth instruction the court had explicitly told the jury that the plea of estoppel, to be successful, would have to be established by a fair preponderance of the evidence. In the fifth, the court instructed the jury in substance that, if a fair preponderance of the evidence showed that Mrs. Morgan was the owner of the horse and the mortgage was executed without her knowledge or consent, or, if the mortgage was executed with her consent and Hoadley knew or by the exercise of reasonable diligence might have known that she was the owner of the horse that was being mortgaged to secure her husband's debt, their verdict should be in her favor. In the sixth, the court informed the jury in substance that, if on the other hand a fair preponderance of the evidence disclosed that John Morgan, to induce Hoadley to accept the mortgage in suit, represented that he was the owner of the horse, and if Hoadley believed, relied, and acted on the representation, and if Mrs. Morgan knew that her husband was making the representation for the purpose of leading Hoadley to accept the mortgage and kept silent concerning her alleged ownership, their verdict should be in Hoadley's favor. Though the fifth instruction, standing alone, may be subject in some degree to the objections urged against it, the fourth, fifth, and sixth instructions, taken together, make the subject so clear that it is impossible, in our opinion, that the jury should have been misled.

Criticism is made of the seventh instruction; but an ex-

amination of the record shows that no exception was taken to the giving thereof.

Appellant tendered five instructions, which the court refused to give. The substance of the first, third, fourth, and fifth was covered by proper instructions given by the court on its own motion. The second asked the court to charge the jury that a married woman's separate property cannot be bound in any way for the payment of her husband's debts. Clearly bad. Estoppel is one way. §6962 Burns 1894, §5117 R. S. 1881 and Horner 1897.

Judgment affirmed. Hadley, J., did not participate.