(68 App. Div. 22.)

COFFIN v. BURSTEIN et al.

(Supreme Court, Appellate Division, First Department. January 17, 1902.)

1. MORTGAGE—FORECLOSURE—RECEIVER—CONTEMPT.

Where, in an action to foreclose a mortgage, an order is entered appointing a receiver to collect and hold the rents pending the determination of the question as to the one entitled thereto, and a tenant of the premises, who is a defendant and has been served with a copy of such order, collects rent from the subtenants, and institutes proceedings to eject others who have paid rent to such receiver, such acts are a contempt of court, and should be punished as such.

2. SAME—ADVICE OF COUNSEL—MITIGATION.

Where a defendant, in an action to foreclose a mortgage, collects rents after a receiver has been appointed for that purpose, and ejects tenants who have paid to such receiver, the fact that he acted in good faith on advice of his counsel should be taken into consideration in determining the punishment, but does not acquit him of contempt of court.

3. ATTORNEY AND COUNSEL—ADVICE TO DISREGARD ORDER—CENSURE.

Where counsel, after opposing an order for the appointment of a receiver to collect rents in an action to foreclose a mortgage, and pending an appeal from such order, advises and assists his client to disregard such order and act in opposition thereto, such conduct is reprehensible in the extreme, and deserves the censure of the court.

Appeal from special term, New York county.

Action by Edmond Coffin against Louis Burstein and others. From an order denying motion of Joseph Reiss, receiver, to punish the defendant Chaimowitz for contempt, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Payson Merrill, for appellant.
Miles Rosenbluth, for respondent.

LAUGHLIN, J. This is an action to foreclose a mortgage. The mortgagor and his lessee, Chaimowitz, and the monthly subtenants of the latter, are parties defendant. On the 16th day of October, 1901, an order was made at special term, upon notice to all defendants, appointing appellant receiver of the rents and profits of the mortgaged premises upon his executing and filing a bond as therein prescribed. The order was duly entered and served, with notice of entry, upon the attorney for the respondent, on the 17th day of October, 1901, on which day the receiver duly qualified and entered on the discharge of his duties. The order invested appellant with the usual power and authority of receivers, and recited that there was an apartment house on the premises, the occupants of which were monthly tenants and parties to the action. It expressly ordered "that said tenants pay the rent due and to become due to the said receiver, and, in case of failure of any such tenants to pay such rent, the receiver be authorized, without further order of the court, to take proceedings to dispossess such tenant, and that in case of vacancy in any of said apartments he may, in his discretion, rent the same to monthly tenants." The motion for the appointment of the receiver was brought on for hearing on an order to show cause made on the 1st day of October, 1901, which recited that respondent, under an alleged lease from the owner of the equity of redemption, was collecting the monthly rents which were payable in advance, and it enjoined the further collection thereof by him, or by the owner of the equity of redemption, until five days after the entry of the order determining the motion. The respondent, though not personally served with the order, had notice and knowledge thereof. On the 22d day of October, 1901, he personally demanded of the tenants the rent then due, and on the same day instituted summary proceedings for the eviction of four of the tenants, who are defendants herein, for the nonpayment thereof. The moving affidavits show that the receiver will be put

to great expense in preparing answers and defending his title in said summary proceedings and in prosecuting this proceeding; that before the precepts were served two of the tenants had paid the rent to the receiver, and others had recognized his right, and promised to pay him in the future; that on account of the institution of such proceedings the tenants refused to pay until it should be determined therein to whom they should pay; and that certain of the tenants have manifested their intention to vacate the apartments occupied by them if they are required to appear in court or are further harassed by legal proceedings. An affidavit made by the respondent, read in opposition to the motion, shows that he acted upon the advice of his attorney, to the effect that the injunction order expired on the 22d day of October; that the court could not even temporarily, by the appointment of a receiver, deprive respondent of the right to collect the rents. His affidavit further shows that he refused to accept rent which was tendered to him by tenants, and instituted the dispossess proceedings for the purpose of having that question adjudicated.

The acts of the respondent in demanding the rent and in instituting the summary proceedings to dispossess the tenants had a direct tendency to defeat, impair, and prejudice the rights of the receiver under the order of the court, and the rights of the plaintiff designed to be preserved provisionally thereby. The title to these rents was not finally determined by the order. The facts upon which the order was made are not fully before us. It must therefore be presumed that sufficient appeared to justify the court in appointing a receiver to collect and hold the rents pending the action and pending the determination of the question as to the title thereto. The terms of the order are definite, and they clearly authorize and require the receiver to collect the rents which the respondent demanded and sought to recover by legal proceedings. It is evident that he fully presented his contention to the court before the order was made. If not, his remedy was by a motion for a modification of the order. In this proceeding, in disregard of the order made in the action to which he was a party, after having been fully heard thereon, he was clearly guilty of a contempt of court. Greene v. Odell, 43 App. Div. 608, 60 N. Y. Supp. 346; People v. Rice, 144 N. Y. 249, 39 N. E. 88; King v. Barnes, 113 N. Y. 476, 21 N. E. 182.

If the respondent can satisfy the court below that he acted in good faith and upon the advice of his counsel, that should be taken into consideration in determining the punishment; but he was guilty of contempt, nevertheless, and should, at least, have been fined the costs and expenses of the proceeding, and all expenses to which the receiver has been put, and the amount of any loss resulting from his contemptuous act.

The answering affidavits presented by the counsel for the respondent, and presumably prepared by him, indicate that he may be liable for contempt of court or otherwise answerable on account of having, in effect, advised resistance to the order which he should have known was not subject to review or collateral attack in the municipal court. The supreme court having acquired jurisdiction, its

order was binding upon his client. If he deemed the order improvidently or erroneously granted, his remedy was to move to have it modified or vacated or to appeal. He did so appeal, claiming upon such appeal that the order was erroneous because it restrained his client from the acts which he aided him in doing, but did not await the determination thereof, as he should have done. These remedies are presumed to be adequate, and the due and orderly administration of justice requires that resort should be had to them alone in such cases. His conduct was reprehensible in the extreme, and it deserves and receives the censure of the court.

The order should be reversed, with $10 costs and disbursements, and the motion to punish the respondent for contempt granted, with $10 costs, but it should be left to the special term to determine the nature and amount of punishment, upon the original papers and such other papers as may be presented by either party, upon notice to the other within five days after the entry and service of the order determining the appeal herein. All concur.