McCormick et al. v. Higgins, Administrator.

[No. 5,590. Filed January 10, 1906.]

Trial.—*Instructions.*—*Bills and Notes.*—*Non est Factum.*—*Burden of Proof.*—An instruction, in an action upon a note where the defense was *non est factum*, that the plaintiff must prove by a preponderance of the evidence all of the material allega-

tions of his complaint and defendants must likewise prove the allegations of their answer is erroneous, the burden of proof on the question of the execution of such note being upon the plaintiff.

From Hancock Circuit Court; *Thomas J. Cofer,* Special Judge.

Action by William Higgins as administrator of the estate of Michael Higgins, deceased, against Amos D. McCormick and another. From a judgment for plaintiff, defendants appeal. *Reversed.*

*T. S. Adams* and *J. L. Clark,* for appellants.

*Brill & Harvey* and *Otis E. Gulley,* for appellee.

ROBY, C. J.—Suit on a promissory note. Answer, *non est factum* in terms as follows: "Amos D. McCormick, defendant in the above cause, being first duly sworn, upon his oath says, for his separate answer herein, that he did not sign or execute the note in suit, and that he did not authorize any other person to sign or execute the same for him. Wherefore, he demands judgment for costs." Trial by jury. The court gave an instruction in terms as follows: "It is incumbent upon the plaintiff to prove, by a fair preponderance of the evidence, all the material allegations of his complaint, and it is incumbent upon the defendants to prove, by a fair preponderance of the evidence, the allegations of their answer."

The verified answer of *non est factum* puts in issue the execution of the instrument sued on, and it then devolves upon the plaintiff to prove the execution. *Evans* v. *Southern Turnpike Co.* (1862), 18 Ind. 101; *Young* v. *Baker* (1902), 29 Ind. App. 130; *Cunningham* v. *Hoff* (1889), 118 Ind. 263; *Carver* v. *Carver* (1884), 97 Ind. 497. The instruction was therefore erroneous. No other question argued is likely to arise subsequently.

Judgment reversed, with instructions to sustain the motion for new trial.