## OPPERMAN *v.* CITIZENS BANK.

[No. 6,245. Filed November 5, 1908. Rehearing denied June 25,
1909. Transfer denied October 15, 1909.]

1. PRINCIPAL AND SURETY.—*Married Woman.—Notes.*—A contract
of suretyship entered into by a married woman is void. p. 403.
2. CONTRACTS.—*Void.—Return of Property Received.*—Where a
married woman executed a contract of assignment of certain
property as a security for her husband, it is not necessary for her
to return anything in order to maintain an action to recover the
property so assigned. p. 403.
3. REPLEVIN.—*Demand.—Unlawful Detention.*—A demand made by
a married woman for her property assigned as a security for
her husband's debt, renders the defendant's further detention
thereof unlawful. p. 404.
4. REPLEVIN.—*Right of.—Shares of Stock.*—Replevin lies to re-
cover shares of bank stock unlawfully detained. p. 404.
5. TRIAL.—*Directing Verdict.*—Where there is evidence that would
support a verdict for the plaintiff, it is erroneous to direct a
verdict for the defendant. p. 404.

From Laporte Circuit Court; *John C. Richter,* Judge.

Action by Mary Opperman against the Citizens Bank of
Michigan City. From a judgment for defendant, plaintiff
appeals. *Reversed.*

*Frank E. Osborn, W. A. McVey* and *Lee L. Osborn,* for appellant.

*James F. Gallaher,* for appellee.

WATSON, J.—This was an action in replevin by appellant to recover possession of a certificate for fifteen shares of the capital stock of the First National Bank of Michigan City. At the close of appellant's evidence appellee moved that the jury be directed to return a verdict in its favor. The court sustained the motion, whereupon appellant moved to dismiss her cause, but her motion was denied. A verdict was then returned in accordance with the direction of the court, and judgment was rendered thereon for appellee.

The errors discussed are all included within the assignment that the court erred in overruling appellant's motion for a new trial.

There was evidence by appellant to show that she was the owner and in possession of said certificate of stock at the time the assignment thereof was made. Her husband was indebted to appellee for over $3,600. Appellee bank through its agent, the cashier, demanded that appellant's husband furnish further security for such indebtedness, and he told appellant's agent that his wife owned certain bank-stock, which he could get for security. Said agent agreed to such an arrangement, and appellant's husband procured the certificate, here in dispute, and presented it to such agent, but owing to the fact that appellant had not indorsed said certificate in the proper place it was taken back to her, at the agent's request, and she signed her name at the place indicated by said agent. Appellant got neither money nor property for said assignment; neither was any money obtained thereby expended upon or for the benefit of her separate property. The certificate of stock was indorsed to secure notes given by appellant's husband for money loaned to him by appellee, and used in his individual business.

In the case of *Vogel* v. *Leichner* (1885), 102 Ind. 55, 60,

the court said: ''Whether a contract executed by a married woman is one of suretyship or not will be determined by a consideration of whether or not it was made by her or on her behalf, and upon a consideration moving to her or for the benefit of her separate estate. To the extent that the consideration was received by her, or inured to her benefit or the benefit of her estate, she will be held to have contracted as principal. To the extent that the consideration was received by her husband, or any other person, or that it went to pay a debt or liability, for which neither she nor her property was bound, it will be held a contract of suretyship.''

From the evidence in this case a jury would be warranted in drawing the fair and reasonable inference that appellant indorsed said certificate over to appellee to secure her husband's individual debts.

A contract of suretyship entered into by a married woman is void. §7855 Burns 1908, §5119 R. S. 1881.

It cannot be said, in view of the evidence, that appellee accepted the security without knowledge of the fact that the certificate of stock was the wife's individual property. 2. The evidence further shows that the wife received nothing in return for the assignment of the certificate, consequently it was not necessary that she return a consideration therefor before she could justly ask that the certificate be restored to her.

In the case of *Thompson* v. *Peck* (1888), 115 Ind. 512, 1 L. R. A. 201, the court said: ''Where the possession of property has been wrongfully obtained, by means of a voidable contract, and the vendor has received nothing of value, the bringing of an action to reclaim the property is ordinarily a sufficient disaffirmance of the contract. But in case money has been paid, or the purchaser's promissory notes have been received, replevin cannot be maintained for the recovery of the property while the vendor retains the money or notes for the purchase price.''

It also appears, and is a fact admitted by appellee, that, prior to the commencement of this action, appellant, through her attorney, notified appellee that she claimed the certificate in dispute as her own, that she was a married woman, that said certificate was received and held by appellee only as security, and that she then and there demanded the return of said certificate, but appellee refused to surrender the same. Since a contract of suretyship by which appellee obtained possession of the certificate from appellant was void under the statute (§7855, *supra*), a proper demand by appellant for the return thereof, and the refusal by appellee to surrender the same, would constitute an unlawful detainer.

3.

An action in replevin by the owner of personal property will lie against a person who has such personal property in his possession, and who has no right to retain it as against the owner. *McFadden* v. *Ross* (1886), 108 Ind. 512; *Aultman & Co.* v. *Forgey* (1894), 10 Ind. App. 397; *Fruits* v. *Elmore* (1893), 8 Ind. App. 278; *Ferguson* v. *Day* (1892), 6 Ind. App. 138; *Rose* v. *Cash* (1877), 58 Ind. 278; *Walpole* v. *Smith* (1837), 4 Blackf. 304; *Bradley* v. *Michael* (1849), 1 Ind. 551; *Read* v. *Brayton* (1894), 143 N. Y. 342.

4.

A certificate of stock is tangible personal property, which may be recovered by an action in replevin. *Smith* v. *Downey* (1893), 8 Ind. App. 179, 52 Am. St. 467; *Read* v. *Brayton, supra.* 2 Cook, Corporations (4th ed.), §577.

Since there was evidence from which the jury might have found that appellant assigned the certificate of stock to appellee only as surety for her husband's individual debts, and since if so found appellant would have had the right to recover the same in an action in replevin, the trial court erred in sustaining appellee's motion peremptorily to direct a verdict in its favor.

5.

Other reasons assigned for a new trial may not arise upon

another hearing, therefore we do not deem it necessary to consider them here.

The judgment below is reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.