CITIZENS' BANK OF MICHIGAN CITY *v.* OPPERMAN.

[No. 22,832.   Filed February 13, 1917.   Rehearing denied May 18,
1917.   Writ of error to U. S. Supreme Court dis-
missed April 14, 1919.]

1. APPEAL.—*Waiver of Error.*—Where the appellant makes no
point, cites no authority, and presents no argument as to an
assigned error, it will not be reviewed.   p. 215.

2. APPEAL.—*Harmless Error.*—*Sustaining Demurrer.*—To con-
stitute reversible error, the sustaining of a demurrer to an
answer of estoppel in a replevin action must have been harmful
to the defendant by denying him opportunity to prove the mat-
ters alleged therein.   p. 215.

3. APPEAL.—*Review.*—*Scope.*—*Sufficiency of Answer.*—*Harmless
Error.*—Where a demurrer was sustained to a paragraph of
answer of estoppel in a replevin action, but the defendant was
permitted to prove all the facts alleged therein under the gen-
eral denial, the Supreme Court will not determine the suffi-
ciency of the answer, nor whether estoppel is provable under
the general denial.   p. 215.

4. ESTOPPEL. — *Burden of Proof.* — A defendant relying upon
estoppel of the plaintiff as a defense has the burden of proving
it by a fair preponderance of the evidence.   p. 216.

5. TRIAL.—*Given Instructions.*—*Requests.*—There was no error
in refusing requested instructions that were covered in sub-
stance by those given.   pp. 217, 219.

6. HUSBAND AND WIFE.—*Disabilities of Wife.*—*Surety for Hus-
band.*—*Burden of Proof.*—The receipt of the property of a
married woman as a pledge for her husband's debt creates a
relation of suretyship on her part which is binding on the
pledgee, unless the latter shows that she is estopped to assert
such suretyship; hence, in an action against the pledgee to
recover such property, she need show nothing in the first in-
stance as to the defendant's knowledge of such suretyship.
p. 217.

7. HUSBAND AND WIFE.—*Suretyship of Wife.*—*Constructive No-
tice.*—*Facts Putting on Inquiry.*—In an action by a married
woman to recover her property on the ground that she allowed
it to be pledged by her husband for his debt, the law does not
require that the defendant have actual knowledge of the wife's
suretyship in order to bar the defense of estoppel, since, if the
circumstances were sufficient to put the defendant upon inquiry
and the latter failed to inquire, as a reasonably prudent person

would have inquired, knowledge is imputed of all the facts that inquiry would have disclosed.  p. 218.

8.  EVIDENCE.—*Facts and Conclusions.*—In a replevin action by a married woman to recover bank stock on the ground that she allowed it to be pledged to secure her husband's debt, a ques- tion asking the husband whether the wife received anything from the pledgee when he got the stock certificate from her and gave it to the pledgee, was not improper as permitting the witness to decide one of the issues, since it called for a fact. p. 219.

9.  EVIDENCE.—*Competency.—Admission of Similar Evidence of Adverse Party.*—In replevin by a married woman to recover bank stock on the ground that it was pledged by her husband for his debt, where the defendant pledgee's cashier had testified that he told the husband on delivery of the certificate of stock that it would be better to have it signed on the regular line, it having been signed in the wrong place, the defendant could not justly complain of the plaintiff's testimony that the husband returned the certificate and requested her to re-sign it and that he said when he made such request that "she had not signed it in the right place."  p. 219.

10.  EVIDENCE.—*Res Gestae.—Hearsay.*—In replevin by a mar- ried woman to recover bank stock on the ground that she per- mitted her husband to pledge it for his debt, a conversation between the husband and wife, at the time he applied for the certificate and she signed and delivered it, to the effect that he wanted it to use as security for a loan, and also his statement, when he returned the certificate to have it re-signed, that "she had not signed it in the right place," were a part of the perti- nent and material act of the procuring and delivery of the cer- tificate and were admissible as part of the *res gestae,* such statements not being received as conclusive, but to assist in determining the true character of the transaction and as tend- ing to show the intent of the wife in doing the act and that there was no real change of ownership.  p. 220.

11.  EVIDENCE. — *Parol. — Varying Written Instrument.* — In re- plevin by a married woman to recover bank stock on the ground that she allowed it to be pledged by her husband for his debt, she could explain the purpose and meaning of her written power of attorney and assignment of the stock, subject to the pledgee's right to show estoppel, notwithstanding the rule an- nounced in the federal decisions construing the National Bank Act that an assignment of a certificate of national bank stock is complete without a transfer on the books of the bank.  p. 220.

12.  HUSBAND AND WIFE.—*Disabilities.—Wife as Surety.*—Where it appears that the wife has absolutely and completely parted

with title to property by an executed agreement, and that nothing remains contingent upon the husband's payment of his debts, her conveyance or assignment of property is binding upon her, though the purpose was the actual payment of the husband's debt.  p. 221.

13.  HUSBAND AND WIFE.—*Disabilities.*—*Suretyship.*—Where the wife simply pledges her property to be used or returned or released, contingent upon the default or payment by her husband of his debts, the arrangement is not an absolute or complete parting with her title, though the face of the papers signed by her may so indicate.  p. 221.

14.  APPEAL.—*Question of Fact.*—*Jury Question.*—Where there was sufficient evidence to raise an issue of fact, the jury's finding thereon in favor of the appellee will not be disturbed on appeal.  p. 222.

From St. Joseph Circuit Court; *Arthur L. Hubbard,* Special Judge.

Action by Mary Opperman against the Citizens' Bank of Michigan City.  From a judgment for the plaintiff, the defendant appeals.  (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Drummond & Drummond* and *Collins & Collins,* for appellant.

*Osborn, McVey & Osborn* and *Anderson, Parker, Crabill & Crumpacker,* for appellee.

HARVEY, J.—In this action appellee seeks as owner to recover by replevin a certificate for fifteen shares of the capital stock of the First National Bank of Michigan City, Indiana.  At the first trial the court directed a verdict for the defendant; and from the judgment on this verdict the plaintiff appealed.  The Appellate Court reversed the judgment.  (*Opperman* v. *Citizens' Bank* [1909], 44 Ind. App. 401, 85 N. E. 991).  Upon the return of the cause defendant filed an amended second paragraph of answer, to which a demurrer was sustained.  Upon a trial of the issue formed by the complaint and a general denial the verdict was for the plain-

Citizens' Bank, etc. *v.* Opperman—188 Ind. 212.

tiff, and a judgment was entered for the recovery of the certificate, which was found to be of the value of $3,150.

Defendant appealed to the Appellate Court, and the cause was, under §1405 Burns 1914, Acts 1901 p. 590, transferred to this court. Appellant assigns as error: (1) The sustaining of the demurrer to the amended second paragraph of answer; (2) the overruling of appellant's motion to modify the judgment; (3) the overruling of appellant's motion for a new trial.

1. As to the overruling of said motion to modify the judgment, appellant makes no point, cites no authority, and presents no argument, hence the same is not further noticed.

The amended second paragraph of answer alleges in substance, as an estoppel against the plaintiff, that, though the stock represented by the certificate was her separate and individual property, and though she was at the time a married woman, she allowed her husband to pledge the same as collateral to secure three notes upon which he alone was indebted to the defendant; that the plaintiff signed the blank form of assignment and power of attorney printed on said certificate without restrictive conditions; that the husband represented to defendant that he was the owner of said certificate, and defendant had no notice or knowledge that the plaintiff had, or claimed, any interest in said certificate; that defendant never at any time had any contract of suretyship with the plaintiff.

2. To constitute reversible error, the sustaining of the demurrer to this answer must have been harmful to appellant in that appellant was thereby denied opportunity to prove estoppel.

The record discloses that evidence was admitted upon all matters set up in this answer. It does not disclose

3. that any offered evidence bearing upon an estoppel was excluded. The record shows that ap-

pellant tendered and the court gave instructions to the jury covering fully all matters alleged as to estoppel, and covering all the evidence relating thereto. The whole trial appears to have proceeded upon the theory that in actions of replevin all defenses, including estoppel, are permissible under the general denial. As appellant was not so deprived of any advantage, appellant was not harmed, and justice to appellant does not require that this court determine the sufficiency of said answer, nor whether estoppel is provable under the general denial in actions for replevin.

Under the assigned error in overruling the motion for a new trial, appellant claims that the court by instructions Nos. 5 and 6 placed upon appellant the burden of proving the defense of estoppel. The court expressly charged the jury that the burden of establishing her right to recovery of said certificate was upon appellee; and the court expressly charged that the burden of establishing by a fair preponderance of evidence an estoppel as a defense was upon the appellant. This charge was correct as to the burden of proof of an estoppel. *Morgan* v. *Hoadley* (1900), 156 Ind. 320, 59 N. E. 935; *Waterbury* v. *Miller* (1895), 13 Ind. App. 197, 41 N. E. 383; *Newcastle Bridge Co.* v. *Doty* (1906), 168 Ind. 259, 79 N. E. 485; *McAdams* v. *Bailey* (1907), 169 Ind. 518, 82 N. E. 1057, 13 L. R. A. (N. S.) 1003, 124 Am. St. 240; *Cunningham* v. *Hoff* (1889), 118 Ind. 263, 20 N. E. 756.

On the face of the pleadings as they stood at the trial, no question of estoppel was in issue, unless the defense of estoppel was permissible under the general denial. But, as we have stated, the issue of estoppel was as fully tried as if it were admissible under the general denial, and as if it were specially pleaded; and an instruction as to the burden of proof of an estoppel was applicable to the situation actually existing at the trial

and to the issue actually presented to the jury. Under these circumstances, there was no error in giving instructions Nos. 5 and 6. *Price* v. *Hallett* (1896), 138 Mo. 561, 38 S. W. 451; *McDonnell* v. *DeSoto Savings, etc., Assn.* (1903), 175 Mo. 250, 75 S. W. 438, 97 Am. St. 592.

Appellant claims that the court erred in refusing to give its tendered instruction No. 16, which, after quoting the statute, states that if the jury should find from the evidence that there was a contract of suretyship between the plaintiff and her husband, but that the defendant was not a party to this contract, the jury should find for the defendant.

Assuming for the purpose of the statement that this tendered instruction correctly states the law, the substance of the same is fully covered by appellant's

5. instructions Nos. 12 and 14, which were given by the court, No. 12 stating that it is not enough for the plaintiff to show that as between herself and her husband she is surety, but she must show that the defendant either contracted with her as surety, or that the circumstances were such as to charge the defendant with knowledge of such fact, and No. 14 stating that the plaintiff must show that she entered into a contract of suretyship with defendant, and that the defendant had knowledge of the fact that her connection with the contract was in the nature of a suretyship.

Neither of these instructions tendered or given correctly states the law, each being more favorable than appellant was entitled to, because, in so far as

6. these instructions state that there must exist a contract of suretyship between plaintiff and defendant, they are at least misleading. The fact that the plaintiff is a married woman and that her property is pledged for a debt of her husband creates a relation of suretyship on her part which is binding on defendant,

unless defendant shows that she is estopped to assert such suretyship, and if defendant were a party to the contract of suretyship, an estoppel could not exist. She need show nothing in the first instance as to knowledge by the defendant of her suretyship. *International, etc., Loan Assn.* v. *Watson* (1901), 158 Ind. 508, 64 N. E. 23. The burden is on the defendant to show an estoppel, and this includes defendant's lack of knowledge or opportunity; and if defendant introduces evidence tending to show an estoppel, then for the first time plaintiff is called upon, in rebuttal, to show that defendant knew or should have known.

Appellant claims error in the court's refusal to give its tendered instruction No. 18. In so far as this instruction is proper, it is covered by instructions Nos. 3, 15, 19 and 20, given by the court at appellant's request. Furthermore, this instruction would have stated to the jury: That if the jury found "that defendant had no actual notice or knowledge that said husband was not the owner thereof, then I instruct you that the defendant was not required to inquire as to the capacity of the plaintiff to make such a contract, nor can knowledge be imputed to it that the certificate was the property of the plaintiff, and that her husband was pledging her propery to secure the payment of his debt."

Much less than actual knowledge would charge the defendant. Circumstances might put the defendant upon inquiry; and, if so, the defendant was required to inquire, as a reasonably prudent person would have inquired; and if the defendant failed so to do, knowledge is imputed of all defendant would have learned, and, having such knowledge, the defendant could not assert estoppel against the plaintiff. Therefore there was no error in refusing this instruction.

It is sufficient to say of appellant's assigned error, in the court's refusal to give its tendered instruc-

5. tions Nos. 10, 21, 22, 23 and 24, that they are each fully covered by other instructions given by the court.

The court overruled defendant's objection to the following question propounded to plaintiff's husband as a witness: "At the time you got this certificate

8. from your wife and gave it to Mr. Arnt, did your wife receive anything from the bank for it?" The ground of the objection stated was that the witness would be thus permitted to decide one of the issues in the case. The question called for a fact as to whether the wife had received anything from the bank. *Baltes Land, etc., Co.* v. *Sutton* (1903), 32 Ind. App. 14, 20, 69 N. E. 179.

Appellant complains of the ruling permitting the plaintiff to state as a witness what her husband said to her at the time he applied for and she signed and delivered the certificate to him, in substance, that he wanted the certificate to use as security for a loan at the Citizens' Bank, and what he said at the time he returned to her with the certificate and she re-signed it at the place indicated by defendant's cashier, in substance, that she "had not signed it in the right place"; and the appellant further complains of the refusal of the court to strike out some of these items of testimony.

All the alleged errors last above referred to are by appellant, in its points and argument, treated together, and not separately, and this court passes on them in the same manner.

Plaintiff's husband had testified, and appellant's cashier afterwards testified, that the cashier had told the husband that it would be better to have the

9. certificate signed on the regular line. This suggestion resulted in the husband's request of his wife that she re-sign the certificate at the point indicated, because she had not signed it in the right place;

and under these circumstances appellant is in no position to complain that the request was made or that the wife was permitted to testify that the request was made.

Furthermore, as all the conversations objected to were a part of the pertinent and material act of the procuring by the husband and the delivery by the wife of the certificate, they were a part of the res gestae, and not hearsay. Such statements are not received as conclusive, but to assist in determining the true character of the transaction. *Creighton* v. *Hoppis* (1885), 99 Ind. 369; *Fox* v. *Cox* (1897), 20 Ind. App. 61, 50 N. E. 92; *Baker* v. *Baker* (1908), 43 Ind. App. 26, 86 N. E. 864. They tended to show the intent of the wife in doing the act. They were made while she was in possession, and they also tended to show that there was no real change of ownership. *McConnel* v. *Hanna* (1884), 96 Ind. 102. It is not clear that plaintiff may not show a contract between herself and her husband, though made in the absence of the appellant. *Hogue* v. *McClintock* (1881), 76 Ind. 205, 209.

Another ground of objection to several of the above items is that the plaintiff should not be permitted to deny the purpose and meaning of her written power of attorney and assignment of the stock.

The form of the wife's signed instruments in such cases does not prevent her from showing the real fact and the actual substance, subject to the grantee's right to show estoppel. Much more positive and expressive is a signed and delivered deed of conveyance, and yet the same may be shown to be a mortgage. *Creighton* v. *Hoppis, supra; Webb* v. *John Hancock, etc., Ins. Co.* (1903), 162 Ind. 616, 69 N. E. 1006, 66 L. R. A. 632. Therefore the rule that, under the construction by the federal courts of the federal National Bank Act, an assignment of a certificate of national bank stock without

transfer on the books of the banking corporation is a complete transfer, vesting title in the transferee, is not in point. Even though the transfer had been made on the bank's books, the plaintiff might, inasmuch as substance and not form is regarded, show that the certificate was her property, and the completeness of the transfer, whether by assignment only or by an entry on the books of the corporation, would be pertinent only to the issue of estoppel.

Where, upon all the facts being shown, it appears that the wife has absolutely and completely parted with her title by an executed arrangement, and that nothing remains in her contingent upon her husband's paying his debts, her conveyance or assignment will be binding upon her, though the purpose of so doing was the actual paying of her husband's debts. *Rogers* v. *Shewmaker* (1901), 27 Ind. App. 631, 60 N. E. 462, 87 Am. St. 274. It will be noted in the case last above cited, and relied upon by appellant, that the wife not only completely and without contingency or condition parted with her title at the time she executed the conveyance in question, but that the property had been actually used for the payment of her husband's debts, and that quite a number of years had elapsed before she sought to set aside the conveyance. But where the fact is that the wife simply pledges her property to be used or returned, or released, contingent upon the default or payment by her husband of his debts, the arrangement is not an absolute or complete parting with her title, though the face of the papers signed by her may so indicate. *McCoy* v. *Barns* (1894), 136 Ind. 378, 36 N. E. 134. Therefore there was no error in overruling appellant's objections, so far as the last-stated ground of objection is concerned.

The remaining assignment of error, in overruling the motion for a new trial, is that the verdict of the jury is

not sustained by sufficient evidence. No point on this assignment is made in appellant's brief. The record discloses, however, very little dispute as to any material fact, except as to whether defendant was informed by plaintiff's husband before he procured and pledged the stock that the stock belonged to his wife. There was evidence that the defendant was so informed, and this was denied by appellant's cashier. There was sufficient evidence, pro and con, to raise an issue of fact, and this issue was settled by the jury in favor of the plaintiff. Under the well-settled rule this court cannot reverse the judgment on this assignment. *Boland* v. *Claudel* (1913), 181 Ind. 295, 298, 104 N. E. 577; *Cleveland, etc., R. Co.* v. *Simpson* (1914), 182 Ind. 693, 104 N. E. 301, 108 N. E. 9.

Finding no error in the record, the judgment of the court below is affirmed.

NOTE.—Reported in 115 N. E. 55. Husband and wife: liability of wife as surety for husband's debt, 27 Am. Rep. 26; conflict of laws as to capacity of wife to become surety for husband, 57 L. R. A. 513, L. R. A. 1916A 1054. Evidence: parol, varying written contract, admissibility, 17 L. R. A. 270; admissibility of parol evidence that a written instrument which on its face imports a complete transfer of interest in property was intended to operate as a pledge or mortgage, L. R. A. 1916B 18. See under (4) 16 Cyc 811; (11) 17 Cyc 672; (12) 21 Cyc 1508; (13) 21 Cyc 1489. Appeal to United States Supreme Court dismissed for lack of federal question, 249 U. S. 448, 39 Sup. Ct. 330.