## LAGOW and Others *v.* PATTERSON.

In a suit against four defendants, an attorney appeared and pleaded in bar for them, and the plaintiff obtained a verdict: *Held*, that the judgment ought not to be arrested, merely because the capias had been executed on only two of the defendants.

Notice to produce papers as evidence, need not be given to the party himself: if given to his attorney at law it is sufficient.

ERROR to the *Daviess* Circuit Court.

*Wednesday,
November 17.*

HOLMAN, J.—After a verdict in favour of *Patterson* against *La-gow, Hay, Parke*, and *Ewing*, a motion was made in arrest of judg-ment, because the capias had not been executed on *Lagow* and *Parke;* which motion was overruled by the Circuit Court.

The defendants were charged as partners. One of the re-gular attorneys, practising in the Circuit Court, appeared for them and pleaded in bar of the action in a plea entitled *Lagow et al. &c.* A regular defence was made through all the proceed-ings, and the names of all the defendants frequently appear in the record as being before the Court. No suggestion is made that the attorney had no authority to appear for all the defend-ants, nor is there any doubt but that this attorney, together with two others who were afterwards engaged in the defence, must have known that they were considered as acting for all the de-fendants; and that they must have so considered themselves. That such was the fact is incontrovertible, inasmuch as the lia-bility of all the defendants as partners was in proof before the jury, and was a subject considerably agitated on the trial, as ap-pears by a bill of exceptions. We think, under these circum-stances, the Circuit Court acted correctly in overruling the mo-tion. We feel supported in this decision both by principle and precedent. The case of *Hills et al. v. Ross*, 3 Dall. 331, is an au-

Nov. Term, thority in point. But the case of *Denton* v. *Noyes*, 6 Johns. R.
1824.     296, and those cited by Ch. Justice *Kent* in delivering the opi-

PALMER    nion in that case, go much further. *Van Ness*, J., it is true, dis-
v.        sented; but neither his reasons, nor the authorities cited by him,
HUGHES.   can be brought to bear against the present case. Here the de-
fendants who were not served with process, do not complain of
injustice or surprise. They do not pretend that the attorney'
who appeared in their behalf, was unauthorized to do so; thereby
giving weight to the presumption, that he acted with their know-
ledge and by their authority. We believe, from examination,
that there is no case to be found, where a Court has set aside its
proceedings upon a bare suggestion, that the attorney for either
party had acted without authority. But here there is not even
this suggestion; and the absence of it is conclusive evidence,
that it could not be made with propriety. The record does
not tell us by whom this motion was made; but the presump-
tion is, that it was made either by the defendants themselves,
or some of the attorneys who had defended the case; and their
entire silence on the subject shows, unquestionably, that they had
no ground on which to dispute the attorney's authority.

Another question is raised. Notice to the defendants to pro-
duce certain papers, relative to their partnership and transac-
tions as partners, was served on one of their attorneys; and it
became a question whether this notice was sufficient, on a fail-
ure to produce the papers, to let in parol evidence of the exist-
ence or contents of those papers. The Court admitted the evi-
dence, and we think it was correct. Notice given to the at-
torney at law was sufficient. 1 Phill. Ev. 338.

*Per Curiam.*—The judgment is affirmed, with one *per cent.* da-
mages and costs.

*Tabbs*, for the plaintiffs.

*Judah*, for the defendant.