Durst *v.* State—190 Ind. 133.

## DURST *v.* STATE OF INDIANA.

[No. 23,464. Filed November 30, 1920. Rehearing denied January 26, 1921.]

1. INTOXICATING LIQUORS.—*Ownership or Lease of Place.—Proof.*—In a prosecution for keeping and operating a place for the illegal sale of intoxicating liquors, a showing that the defendant owned the intoxicating liquors, that he was interested in the sale thereof and shared the profits, was sufficient to convict, though he was not the owner, lessee or proprietor of the place where the liquors were kept or where the unlawful sales were made. p. 137.

2. INTOXICATING LIQUORS.—*Keeping Place.—Possession.—Evidence.—Sufficiency.*—In a prosecution for conducting a place where intoxicating liquors are illegally sold, though the state is not required to prove that the accused is the owner, lessee or proprietor of the place in order to establish a *prima facie* case, it must not only show that the liquors so sold were kept in a room, building or other place, but it must show beyond a reasonable doubt that the accused had the custody or possession of the liquors. p. 138.

3. INTOXICATING LIQUORS.—*Sale.—Interest of Lessor in Business.—Knowledge.—Effect.*—In a prosecution for operating a place for the illegal sale of intoxicating liquors, it was proper to instruct that, if the defendant had leased the place to another, but had an interest therein as an individual, partner, director or other interest, and such interest so connected him with the business as to give him knowledge of the facts in the

conduct of the business, the jury could consider such facts in determining whether the state had made out a case.   p. 139.

4.   CRIMINAL LAW.—*Instructions.*—*Necessity of Requests.*— *Lease.*—*Delivery.*—In a prosecution for operating a place for the illegal sale of intoxicating liquors, an instruction that if a lease of the premises was not delivered to the lessee or to any one for him, it was never executed, was correct; and if the defendant wanted the jury more fully instructed on what facts would constitute a delivery, or on the presumption arising from taking possession by the lessee, he should have tendered such an instruction.   p. 139.

5.   INTOXICATING LIQUORS.—*Keeping Place.*—*Acts Committed Out of Defendant's Presence.*—*Instruction.*—In a prosecution for operating a place for the illegal sale of intoxicating liquors, a requested instruction that acts of third parties out of the defendant's presence, and not shown to have been done at his instigation, direction or command, should not be considered as affecting the defendant's guilt, was properly refused in view of evidence of the defendant's conduct in relation to the business from which the jury might have found that he and others transacting business at that place were partners.   p. 139.

6.   CRIMINAL LAW.—*Instructions.*—*Requests Covered by Instructions Given.*—*Knowledge.*—In a prosecution for operating a place for the illegal sale of intoxicating liquors, an instruction that if the defendant was owner of the building and leased it to another with knowledge that it was to be used for the unlawful safe of intoxicating liquors, such knowledge would not be sufficient to sustain conviction of the charge, held properly covered by the court's instruction that the mere fact that the defendant had knowledge of the illegal business, or that he while acting for persons so conducting it, made occasional sales of the liquors, would not be sufficient to sustain a conviction.   p. 140.

7.   INTOXICATING LIQUORS.—*Keeping Place.*—*Continuous Violation.*—*Instruction.*—Proof that the defendant conducted a place for the illegal sale of intoxicating liquors during any part of the two years previous to the return of the indictment, is sufficient to sustain a conviction for keeping a place for such purpose; hence, an instruction requiring the jury to find that the business was that of the defendant during all of such time was properly refused.   p. 142.

8.   CRIMINAL LAW.—*Evidence Tending to Prove Other Crimes.*— *Competency.*—In a prosecution for operating a place for the illegal sale of intoxicating liquors, where the accused denied that he was keeper of the place, evidence that he authorized or directed the repayment of money lost at gambling in such

Durst *v.* State—190 Ind. 133.

place was competent as tending to prove that he operated the place, though it tended to prove an additional crime. p. 143.

9. INTOXICATING LIQUORS.—*Keeping Place.*—*Ownership of Business.*—*Deposit Slips as Evidence.*—In a prosecution for operating a place for the sale of intoxicating liquors, where evidence had been introduced tending to show that the accused was at the place at times, collected money and put it in the safe, engaged and discharged help, paid bills for beer and sold it at times, paid back money lost at gaming, regularly filled out deposit slips on a bank, and stated on one occasion that he was going to the bank to make a deposit, it was proper to admit the deposit slips in evidence and to show that the accused regularly made deposits and that the slips were in his own handwriting. p. 144.

10. CRIMINAL LAW.—*Self-serving Declarations.*—*Admissibility. Res Gestae.*—In a prosecution for operating a place for the illegal sale of intoxicating liquors, a statement by the accused amounting to a self-serving declaration, made to an officer who aided in a raid of the place, is not admissible as a part of the *res gestae,* where the state did not rely on evidence obtained at that raid, and where there was no evidence connecting the statement with the raid as to time. p. 144.

11. CRIMINAL LAW.—*Evidence.*—*Self-serving Declarations.*—*Admissibility.*—In a prosecution for keeping a place for the illegal sale of intoxicating liquors, where the state offered no part of a conversation between the defendant and a police officer participating in a raid of the place, such raid having been only incidentally referred to by a witness for the state in testifying that the defendant claimed the liquor seized, a self-serving declaration claimed to have been made by the accused to the officer in the conversation was properly excluded, since it is only when the state introduces a part of the conversation that the defense is entitled to introduce all that was said. p. 145.

12. CRIMINAL LAW.—*Impaneling Jury.*—*Assignment of Errors.*—Since the trial of a criminal case begins when the jury is sworn, alleged error occurring in empaneling the jury may not be assigned as "errors of law occurring at the trial" under the seventh clause of §2158 Burns 1914, Acts 1905 p. 584, §282, such error being assignable under the first clause of such section. p. 146.

From Delaware Circuit Court; *S. W. Haynes,* Special Judge.

Prosecution by the State of Indiana against George

T. Durst. From a judgment of conviction, the defendant appeals. *Affirmed.*

*George W. Cromer, Harry Long, Will F. White* and *Wm. T. Haymond,* for appellant.

*Ele Stansbury,* Attorney-General, *A. B. Cronk* and *Dale·F. Stansbury,* for the state.

WILLOUGHBY, C. J.—On January 28, 1917, the grand jury of Delaware county returned an indictment against the appellant, which indictment is in the words and figures as follows, to wit: "The Grand Jurors of Delaware county, State of Indiana, being duly and legally impaneled, charged and sworn upon their oaths, do charge and present that George T. Durst, on or about the 1st day of April, 1916, at and in the county of Delaware, State of Indiana, did then and there unlawfully keep, run and operate a place where intoxicating liquors were then and there unlawfully sold, bartered and given away in violation of the laws of the State of Indiana, and was then and there found unlawfully in possession of intoxicating liquors for the purpose of then and there unlawfully selling, bartering and giving the same away in violation of the laws of the State of Indiana, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

The defendant entered a plea of not guilty to said charge, and upon the issue thus formed a trial was had resulting in a verdict of guilty. Judgment was rendered on such verdict, and from the judgment defendant appeals. The questions presented by the appeal arise on motion for a new trial: (1) Error in giving and refusing certain instructions. (2) Error in admitting and excluding certain evidence. (3) Error in empaneling the jur

The appellant claims that the court erred in giving

instruction No. 10, given by the court of its own motion, and gives as a reason for his objection that the instruction in effect tells the jury that if the defendant had sold, bartered or given away any intoxicating liquors he was guilty of operating a place. Appellant gives as another reason of objection that it was error to instruct the jury that it was not necessary to prove that defendant was the owner or proprietor of the place, and also that said instruction fails to inform the jury that the state must have shown beyond a reasonable doubt that the defendant kept, ran and operated the place. None of appellant's objections are well taken.

The defendant was not charged with the selling of intoxicating liquors in violation of law, but he was charged with the unlawful keeping, running and

1. operating a place where intoxicating liquors were unlawfully sold, bartered and given away in violation of the laws of the State of Indiana, and that he was found in the unlawful possession of intoxicating liquors for the purpose of unlawfully selling, bartering and giving away the same in violation of the laws of the state. The gist of the action is the keeping of a place where intoxicating liquors are disposed of in violation of law. This instruction nowhere tells the jury that if the defendant had sold, bartered or given away any intoxicating liquors he was guilty of operating a place. Such construction is wholly unwarranted. This instruction correctly tells the jury that it is not necessary to show that the defendant was the owner of the place, or that he held a lease for it. The appellant may have been neither the owner, lessee, nor proprietor of the place, but yet may have been unlawfully in the possession, at such place, of intoxicating liquors for the purpose of unlawfully disposing of the same in violation of the statute under which this indictment was drawn, or he may have kept, run or

operated the place where intoxicating liquors were sold, bartered or given away, although he was not the owner of such place, or he may have been the owner of the place and had it leased to some one else. If appellant had owned the intoxicating liquors, been interested in the sales, and shared the profits, he would have been guilty, although he was not the owner, lessee, or proprietor of the place where the liquor was kept, or where the unlawful sales were made. *Dugan* v. *State* (1918), 187 Ind. 32, 118 N. E. 307.

There was evidence tending to show that appellant was in charge of the business during a considerable period of the time covered and at the place named in the indictment; that he kept intoxicating liquors in such place, and sold the same in violation of law. If this evidence is true, and the jury had the right to believe it, the appellant would be guilty, although he may have been the owner of the building, and may have had it leased to some one during the time. Other instructions, given by the court, fully state the law of reasonable doubt. The instruction is not open to the objections urged against it.

Instruction No. 12, given by the court of its own motion, correctly states the law. It informs the jury that the offense with which appellant is charged is the unlawful keeping, running and operating a place where intoxicating liquors were unlawfully sold, bartered and given away in violation of law, and that he was found in the unlawful possession of intoxicating liquors for the purpose of unlawfully selling, bartering and giving same away in violation of the laws of the state, and that, to make a *prima facie* case against the defendant, it is not enough that the evidence in the case show that intoxicating liquors were kept in a room or building, but there must be evidence establishing beyond a reasonable doubt that the defendant had the custody or

possession of such liquors, and that defendant kept the liquors in a room, building or other place. The instruction further informs the jury that, in order to show this, it is not necessary to show that the defendant

3. was the owner of the place, or that he held a lease for it, and that if they found from the evidence, that the defendant owned the place and leased it to another, but had an interest in the place as an individual, partner, manager or director, or any other interest, and such interest so connected him with the business as to give him knowledge of the facts in the conduct of such business, and they found all the other facts alleged in the indictment beyond a reasonable doubt, they had a right to consider such facts in determining whether the state had made out a case. *Donovan* v. *State* (1908), 170 Ind. 123, 83 N. E. 744. This instruction was not erroneous.

Instruction No. 13 informs the jury that if they found beyond a reasonable doubt that a certain written instrument which had been introduced in evidence

4. and which purported to be a lease to one H. Brown, was not in fact delivered to said Brown or to any one for him, then the writing was never executed. This instruction correctly stated the law on that subject, and if the appellant wanted the jury instructed on what facts would constitute a delivery of a written instrument, or on the presumption arising from taking possession by the lessee, such an instruction should have been tendered. *Brewster* v. *State* (1917), 186 Ind. 369, 115 N. E. 54.

The appellant insists that instruction No. 6 tendered by defendant should have been given, and that it was error to refuse to give it. That instruction is

5. as follows: "The court instructs you that acts of third parties out of the presence of the defendant, and not shown to have been in the employ of

defendant, unless said acts are shown to have been done or committed at the instigation or direction or command of defendant, should not be considered by you as affecting the guilt of the defendant."

The defendant claims that Raymond Dudley was the proprietor of the business and had full control of it, and that Dudley was not in his employ, and consequently the acts of Dudley and others in the conduct of said business could not be considered in determining the guilt or innocence of said defendant. Kit Maynard, a witness for the state, described the building and the rooms in it, and said there were a number of persons employed upstairs. He also testified that the money that was taken in upstairs from the various operations, including the sale of beer, was taken down below and put in the safe in a tin box. He says every morning Mr. Durst came up and counted out the money; then he would make a deposit slip and take it over to the Peoples Trust Company, using Peoples Trust Company deposit slips. This witness says that he saw him counting the money every morning during the entire time witness was there. This witness Maynard testified that he was in the employ of defendant at that place for eighteen months, ending March, 1916. From this evidence the jury may have found that Dudley, Maynard and others were engaged in business with defendant as partners, and in that event their acts introduced in evidence might properly be considered by the jury as affecting the guilt of defendant. The tendered instruction was properly refused. *Dugan* v. *State, supra; Donovan* v. *State, supra.*

It was not error to refuse to give instruction No. 10, tendered by appellant, for the reason that the substance of said instruction is fully given in instruction No. 9, given by the court of its own motion. Instruction No. 10, tendered by appellant, is as fol-

lows: "The court instructs you that if you find from the evidence in this case that the defendant was the owner of the building and the premises at 107 West Main Street, in the city of Muncie, and that he leased or rented said building and premises to another with the knowledge that said building and premises were to be used for the unlawful sale of intoxicating liquors, such knowledge by the defendant would not be sufficient evidence to sustain a conviction of the charge contained in the indictment."

Instruction No. 9, given by the court of its own motion, is as follows: "If you believe from the evidence in this case that the building wherein the intoxicating liquors were sold, bartered and given away in violation of law as alleged in the indictment in this case was during all said time leased and rented to, and under the control and management of persons other than the defendant, and said building and fixtures and the business therein conducted were not in the control of the defendant, the mere fact that the defendant had knowledge of the illegal business conducted in said building or the fact that defendant, while acting for the persons conducting the business, made occasional sales of the intoxicating liquors of said other persons would not make the defendant guilty of the crime charged in the indictment in this case."

An examination of these two instructions shows that No. 9, given by the court of its own motion, substantially covers the instruction refused, and in addition instructs the jury that appellant might have made occasional sales without making him guilty of the crime charged in the indictment. If a proper instruction is tendered and refused, but is substantially given in another form, there is no error. *State* v. *Jackson* (1918), 187 Ind. 694, 121 N. E. 114; *Dugan* v. *State, supra.*

Instructions Nos. 13, 14, and 15, tendered by the defendant, were fully covered as to appellant's theory of the case by instructions Nos. 7, 8, 9, 10, 11, 12 and 13, given by the court of its own motion, in so far as said tendered instructions state the law.

Instruction No. 14, tendered by appellant, seeks to inform the jury that they must find beyond a reasonable doubt that during all of the two years prior to January 28, 1917, the business was that of the appellant, and that during all of said two years appellant did keep, run and operate said place and business, and that the persons employed by appellant were, during all of the two years, employes and agents of appellant, and that they were not, during all the two years, the owners and keepers of the place in their own right; that they must find these facts beyond a reasonable doubt before they could find the appellant guilty. This statement is incorrect. The jury would be warranted in finding the appellant guilty if they believed that the facts enumerated had existed for a month, week or day, or for any period within two years preceding the return of the indictment. It was not necessary that the appellant be a continuous violator of the law for two years preceding the indictment. If part of the time he had the place leased to some one else, and part of the time he was in the control and management of it himself, and while in such control and management he kept and operated a place, and kept at such place intoxicating liquors for sale, barter or giving away, in violation of the statute, he would be guilty of the offense charged, although for the balance of the time the place might have been in the control of some one else, or leased to some one else. It will thus be seen that the tendered instruction is erroneous because it assumes that, in order to establish his guilt, it would

be necessary for the state to prove that he had such place under his control and management, and kept and operated it during all of the period of two years preceding the return of the indictment. The instruction goes too far. The jury could very well believe the lease to have been *bona fide,* that the persons conducting the place were not the employes of appellant, and that appellant did not operate the place of business; yet, if the jury believed, beyond a reasonable doubt, that appellant kept intoxicating liquors in this place for the purpose of unlawfully selling, bartering or giving them away, he would be guilty notwithstanding the lease was *bona fide* or the employment actual. For the same reasons the court properly refused to give instruction No. 15, tendered by appellant.

It is claimed by appellant that the court committed an error in admitting the testimony of Thomas V. Miller to the effect that said witness said he had a conversation with appellant with reference to some money that a man by the name of Tuttle had lost in that place. The ground upon which the objection to the question and the motion to strike out was based, was that it sought to elicit testimony merely of the commission of an offense in no way connected with the charge in the indictment. Under an indictment charging appellant with keeping, running and operating a place where intoxicating liquors are sold it is incumbent on the state to prove that appellant did in fact keep, run or operate the place. Evidence that appellant authorized, or directed the repayment of money lost at gambling in the place alleged to have been operated by appellant, is competent as tending to prove that appellant was in charge of the place and kept, run or operated the place as charged in the indictment. The fact that such evidence tended to prove a crime different

from the one for which he was being tried would not render such evidence incompetent. *Cross* v. *State* (1894), 138 Ind. 254, 37 N. E. 790.

The evidence as set out in appellant's brief tends to show that appellant was around the place every day for a considerable period of the time covered by the indictment; that he took in the money and put it away in the safe; that he engaged and discharged the help; that he paid the bills for beer, ice, etc.; that on occasions he sold beer and waited on the trade; that he paid back money lost at gaming in the place, and that he regularly counted out the money and filled out deposit slips on the Peoples Trust Company, and left the place stating that he was going to the Peoples Trust Company to deposit it. After showing all these facts, it was competent to show that appellant did in fact at regular intervals deposit money in the Peoples Trust Company, the amounts deposited, and the fact that the deposit slips were in the handwriting of appellant. These deposit slips were properly admitted in evidence. Any evidence which tends to prove a material fact is admissible. *Deal* v. *State* (1895), 140 Ind. 354, 39 N. E. 930.

The appellant claims that the court erred in refusing to permit the defendant, while testifying on his own behalf, to answer the following question: "What was said there between you and Mr. Puckett on that occasion?" The question was asked to ascertain what took place at appellant's place while the police officer was conducting a raid. The evidence relied upon by the state in making its case against the appellant was not the evidence obtained by officer Puckett in this raid. The fact of the raid was only incidentally mentioned. The defendant offered to prove by his own testimony in answer to this question, if permitted to answer the same, that Puckett asked defendant for

the key to the cellar of 107 West Main street, where beer was found, and that defendant told Puckett he had no key, and that Puckett would have to get the key of some one in charge of the place, and that he had no interest in the place of business. The court correctly sustained an objection to this question. The defendant's offer to prove was merely a self-serving declaration. If it had been made during the police raid as a part of the *res gestae* it might have been admissible in a prosecution for violations of the law, the evidence of which was obtained in that raid, but appellant is not being prosecuted for unlawful acts he was found committing in that raid. Appellant failed to show in point of time how long after the raid started he made this self-serving declaration. It is connected in no way with the raid in point of time. It might have been one, two, or three hours. The state had not attempted to introduce, and had not introduced, any evidence of any conversation between the defendant and Puckett at that time. The statement of the defendant was a self-serving declaration, and was properly excluded. *Spittorff* v. *State* (1886), 108 Ind. 171, 8 N. E. 911; *Davidson* v. *State* (1893), 135 Ind. 254, 34 N. E. 972.

The defendant testified that: "The policemen didn't get any of my beer in the raid. I wasn't there when the place was raided, but I came in about an hour afterward. I was probably home at the time. I walked up the street and stepped in, probably one or two o'clock in the afternoon, and Fred Puckett, a police officer, was there." The state did not offer any evidence of what was said or done at the raid or after the defendant had returned to the place. The raid was incidentally mentioned by Gray, a witness for the state, when he was testifying about hearing a conversation between defendant and a man named

Gregory concerning some beer which was at police headquarters, and which the witness said appellant claimed. It is urged by appellant that the state having made reference in this case to the police raid on appellant's place of business let down the bars to the admission of all that was said on that occasion. This is not a correct statement of the rule. It will be observed that the state at no time offered in evidence any part of the conversation had on the occasion of the raid between Puckett and the appellant. It is only where a part of the conversation is given that the bars are down for the rest of it. If none of the conversation is given in evidence by the state, none of it can be given in evidence by the accused.

The appellant claims that there was prejudicial error in empaneling the jury. In his motion for a new trial appellant asserts that these errors—causes 40 to 63,

12. both inclusive—in his motion for a new trial were each errors of law occurring at the trial. Whether these were errors of law occurring at the trial depends on when the trial began. The trial began when the jury had been sworn to try the case. Therefore it would seem that these could not be errors of law occurring at the trial of the cause, and this has been held in *Bush* v. *State* (1920), 189 Ind. 467, 128 N. E. 443. We do not wish to be understood as holding that error in the empaneling of the jury is not cause for a new trial, but it cannot be assigned as error under the seventh clause of §2158 Burns 1914, Acts 1905 p. 584, §282. The first clause of §2158, *supra,* provides that the court shall grant a new trial for "irregularities in the proceedings of the court, or jury, or for any order of the court or abuse of discretion by which the defendant was prevented from having a fair trial." Under this provision the action of the court in empaneling the jury may be reviewed. *Bush* v. *State, supra,* and cases

there cited. It follows that the objections of the appellant to the empaneling of the jury are not properly presented, and cannot be considered.

No error being made to appear in the record, the judgment is affirmed.

Lairy, J., dissents.

### DISSENTING OPINION.

LAIRY, J.—This case holds that errors of the trial court in sustaining or overruling challenges to jurors when a jury is being empaneled to try a case may be properly assigned as cause for a new trial, but that, where such a ruling is designated in the motion for a new trial as an "error of law occurring at the trial," it cannot be considered, for the reason that the trial of a case does not begin until the jury is empaneled and sworn. The decision on this question is based on a like decision by this court in the case of *Bush* v. *State* (1920), 189 Ind. 467, 128 N. E. 443. The writer was unable to agree to the proposition when it was stated in the case cited and was marked as dissenting. After a further consideration of the question, the writer is convinced that, in fairness to the court and to himself, a brief statement should be made of the reasons that impelled the dissent.

The statute provides that a new trial may be granted in the following cases. Then follow eight clauses specifying in general terms the grounds upon which motions for new trials may be based. It has been generally held that it is not sufficient to assign a cause for a new trial in the general words as used in the first, second, third, seventh or eighth clauses of the statute. If misconduct of the jury is relied on, the specific acts of misconduct must be set out in the motion, and the same rule applies to the other clauses mentioned. *Gregory* v. *Schoenell* (1876), 55 Ind. 101; *Musselman*

v. *Musselman* (1873), 44 Ind. 106; *Snodgrass* v. *Hunt* (1860), 15 Ind. 274.

It has been the general practice in assigning causes for a new trial to set out specifically the cause relied on as constituting the reason for the relief asked, without designating the particular clause of the statute authorizing the specification made. It has been generally understood that, if the specified cause for a new trial was authorized by any clause of the statute, it was properly assigned, even though the motion did not indicate the particular clause of the statute under which it was filed.

An old text-book on pleading and practice, which is highly esteemed by the bench and bar of this state, presents the rule thus: "This specification relates exclusively to such errors as may be committed at the trial. When the trial may be regarded as commenced is a question of some doubt. For some purposes, the trial is held to be commenced with the swearing of the jury, and to continue until the motion for a new trial is disposed of. There are other matters more nearly connected with the trial about which there is some question. For example, questions arising upon the right to a trial by jury; in the selection of the jury, questions of the competency of jurors, the right to challenge, and the like. These questions although nearly connected with, cannot be regarded as a part of the trial, but rather as settling who the triers shall be. The question is not one of practical importance, where it is certain that the error complained of is within any of the statutory causes. It is not necessary to designate in the motion whether the error is one occurring at or before the trial. It is only necessary to state specifically what the error is, and if it falls within either specification, it is sufficient." 1 Works, Practice (2d ed.) §927.

Where a party assigns a specific reason for a new

trial, which is authorized by the general statute on the subject, I am of the opinion that the court should not refuse to consider it because the motion shows that it is assigned under the eighth clause, when it should have been assigned under the first clause. If the cause assigned is authorized by statute, and is sufficient in form and substance, the court should consider it, although it may not be properly classified.