CAMPION *v.* STATE OF INDIANA.

[No. 24,943.  Filed January 13, 1927.  Rehearing denied March 11, 1927.]

1.  INTOXICATING LIQUORS.—An affidavit charging the sale of intoxicating liquor is sufficient without alleging the price for which it was sold.  p. 131.

2.  INTOXICATING LIQUORS.—*Amendatory liquor statute of 1923 was not unconstitutional.*—Section 1 of the act of 1923 (Acts 1923 p. 70) which amended §4 of the prohibition law of 1917 as amended in 1921 (Acts 1921 p. 736), in so far as it related to the sale of intoxicating liquor, was not unconstitutional, although "possession" of such liquor was not within the title of the original act.  p. 131.

3.  CRIMINAL LAW.—*Judgment will not be reversed for insufficiency of evidence if conflicting.*—The Supreme Court cannot weigh the evidence given on the trial and, therefore, cannot reverse a judgment of conviction where the evidence is conflicting.  p. 132.

4.  CRIMINAL LAW.—It is not error to refuse a requested instruction where the subject-matter thereof is fully covered by an instruction given.  p. 132.

5.  JUDGES.—*Special judge may be chosen by agreement of parties.*—The statute regulating the method of selecting a special judge after a change of judge has been demanded does not preclude the parties from agreeing on some one to try the cause.  p. 132.

6.  ATTORNEY AND CLIENT.—The knowledge of a party's attorney as to a transaction in court is knowledge of such party.  p. 132.

7.  CRIMINAL LAW.—*Defendant charged with felony not required to be present at presentation of motions before trial.*—Although one accused of felony has the right to be present during the trial, this right is not extended to require his personal presence at the presentation of motions before trial when he is represented by counsel of his own choosing.  p. 133.

From Marshall Circuit Court; *Frank E. Martindale,* Judge.

John Campion was convicted of selling intoxicating liquor, and he appeals.  *Affirmed.*

*L. M. Lauer,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Anthony J. Klee,* for the State.

TRAVIS, J.—Appellant was prosecuted upon an affidavit which charged the sale of whisky to Stephen Kinzie on February 23, 1924. The charge in the affidavit was based upon §1, ch. 23, Acts 1923 p. 70.

The evidence upon which the verdict of guilty by the jury is based, and as stated in appellant's brief, is, to wit: Stephen Kinzie, the purchaser of the whisky named in the affidavit, went to see appellant on the date alleged in the affidavit, with one Carl Lemler as his companion. When they arrived at appellant's little store, they found him washing windows on the outside about 3 o'clock in the afternoon. Kinzie introduced Lemler to appellant as his brother, and told appellant that he wanted some liquor. The three men then went inside the store building and talked for a while until appellant went to the telephone and had a conversation in a language that Kinzie did not understand, after which Kinzie and appellant went into a little back room. While in this back room, Kinzie bought a bottle of whisky from appellant, for which he paid appellant $3.50. Kinzie then put the bottle of whisky in his inside overcoat pocket and left the store with his companion and drove to Plymouth, where he delivered the bottle of whisky to the wife of the sheriff, in the absence of that officer. Kinzie further testified that he smelled and tasted of the liquor which he bought and said that it was whisky. The bottle of whisky was identified by the evidence of Mrs. Bennett, the sheriff's wife, and introduced in evidence without objection.

Appellant filed a motion to quash the affidavit for insufficient facts to constitute a public offense, for the reasons that the affidavit failed to set forth any price for which the whisky was sold, and that §1, *supra,* upon which the charge was founded, is unconstitutional. The

motion to quash was overruled by the court and the appellant pleaded not guilty. Trial before a jury resulted in a verdict of guilty, which was followed by judgment of a fine of $250 and imprisonment for ninety days.

Appellant pleaded as errors, the action of the trial court in overruling: (1) The motion to quash; (2) the motion for a new trial; and (3) the motion which

1. challenged the jurisdiction of the special judge.

Appellant's proposition that the affidavit which charged the offense must fall before the motion to quash, for the reason that the affidavit did not allege the price at which the whisky was sold, has been recently decided against the contentions of appellant. *Kinley* v. *State* (1927), 154 N. E. (Ind.) 667; *Volker* v. *State, ex rel.* (1912), 177 Ind. 159, 161, 97 N. E. 422.

Appellant says that amended §4 (§1 of ch. 23, Acts 1923 p. 70) which purported to amend §1 of the act approved March 11, 1921, being an amendment of

2. the act of February 9, 1917, is unconstitutional and void because the amended section is broader than the original act, and includes matter not included in the original title of the act passed and approved February 9, 1917. This court has held that §1, ch. 250, acts of 1921, is unconstitutional as to the word "possess" therein. *Crabbs* v. *State* (1923), 193 Ind. 248, 139 N. E. 180. This word "possess" was first introduced in the Prohibition Law by this amendment. Because the word "possess" is not comprehended by the title of the act, is no reason why the whole act should fall as being unconstitutional. Section 1, *supra*, is the same as §4, ch. 4, acts of 1917, in so far as the sale of intoxicating liquor is made an offense is concerned. The amended §4 of the act which has relation to the case at bar is that part concerning the sale of intoxicating liquor only. The title of the original act was not amended, and is the title of the amendatory act. This title, viz: "An Act pro-

hibiting the . . . sale . . . of intoxicating liquor, . . . etc.," is sufficient to embrace the sale of intoxicating liquor, which is the sole question presented. The sale of intoxicating liquor is comprehended by the title, and amended §4 does not violate Art. 4, §19, of the Constitution. The court holds that amended §4 of the act, in so far as it concerns the sale of intoxicating liquor, is constitutional. The court did not err in overruling appellant's motion to quash the affidavit.

Appellant's cause for a new trial, viz.: that the evidence is not sufficient to sustain the verdict, is not supported by the brief, by stating which one, if any, 3. or that all the material elements of the crime charged, are not sustained by sufficient evidence. The defendant testified in his own behalf. His evidence does not dispute the evidence of the state concerning any material fact except the sale of the bottle of whisky by him; this one fact he unequivocally disputes. For this court to reverse the judgment, it would be necessary to weigh the evidence.

Appellant's alleged error, based upon the court's refusal to give a submitted instruction under a request for written instructions, cannot be sustained. The 4. court gave an instruction nearly identical with the one submitted and refused. The instruction given covered all the points of law which were presented by the requested instruction. It is not error to refuse a requested instruction where the subject-matter thereof is fully covered by another instruction given. *Citizens' Bank, etc.,* v. *Opperman* (1917), 188 Ind. 212 (5), 115 N. E. 55.

Appellant's objection to the jurisdiction of the court is based upon the fact that neither he personally nor the state struck names from the list of five persons, 5, 6. all of whom were attorneys of this trial court, named by the trial judge after appellant's appli-

cation for a change of venue from the judge had been sustained. It appears from the record that counsel for appellant and counsel for the state, after the trial judge had nominated five persons who were attorneys of the court, agreed that one Frank Martindale, a practicing attorney of the Marshall county bar, who was one of the attorneys of the five so nominated should be appointed as the special judge to try this cause. Appellant's particular objection is that he was unaware of the manner in which the trial judge was selected, viz., by agreement of the counsel for both parties, instead of by striking from the list of five named by the court, until after the return of the verdict of guilty against him. Appellant's point is that his attorney acted without his knowledge or consent in agreeing with the prosecuting attorney upon one of the five attorneys whose names were submitted by the court as special judge. The act of appellant's attorney and the prosecuting attorney, in selecting by agreement one of the five attorneys, was equal in result to the act of each of them in striking the names of two from the list. Acts 1923, ch. 116, p. 312. Neverthless, the statute does not prevail over the action of the parties in agreeing upon some member of the bar to try the cause; the statute may be waived by the act of the parties; especially when such selection by agreement is by and with the consent of the court. Furthermore, the knowledge of defendant's attorney was his knowledge.

A defendant, charged with the commission of a felony, has the right to be personally present during the trial, providing his conduct does not necessitate that

7. he be excluded therefrom. This right does not extend to require his actual presence, when represented by an attorney of his own selection, to the presentation of motions as here involved to the court and the consideration of and the action of the court thereon.

The trial begins upon the submission of the cause for trial. *Jenks* v. *State* (1872), 39 Ind. 1, 9; *Hunnel* v. *State* (1882), 86 Ind. 431, 434; *Durst* v. *State* (1920), 190 Ind. 133 (12), 128 N. E. 920. The case at bar had not been submitted for trial at the time when defendant's attorney agreed with the prosecuting attorney upon the special judge to try the cause. The order of the appointment had not then been made. The action of the court, overruling defendant's motion challenging the jurisdiction of the special judge to try the cause was not erroneous.

The motion for a new trial was properly overruled. Judgment affirmed.