**SOLAR SOURCES, INC., Appellant**
**(Petitioner Below),**

v.

**AIR POLLUTION CONTROL BOARD of**
**the State of Indiana, Appellee**
**(Respondent Below).**

**No. 2–1079A304.**

Court of Appeals of Indiana,
Second District.

Sept. 9, 1980.

Felson Bowman and Mary M. Runnells (Lewis, Bowman, St. Clair & Wagner, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen. (Jeff G. Fihn, Deputy Atty. Gen.), Indianapolis, for appellee.

BUCHANAN, Chief Judge.

### CASE SUMMARY

The petitioner–appellant, Solar Sources, Inc., (Solar) appeals from a summary judg-

ment in favor of the Air Pollution Control Board of the State of Indiana (Board), claiming Solar was not properly notified of the Board's decision so that it could timely file its petition for review as required by Section 14 of the Indiana Administrative Adjudication Act (Ind.Code § 4–22–1–14).

We reverse.

## FACTS

Reading the record in the light most favorable to the judgment of the trial court, it appears that on August 16, 1977, Keith Kauble, Solar's resident agent in Greencastle, Indiana, received a certified letter from the Board containing a notice of hearing and complaint, charging Solar with violation of fugitive dust regulations in connection with the operation of Solar's strip mine near Oakland City, Indiana. On December 2, 1977, the Board notified both Kauble and Felson Bowman, Solar's attorney, that its hearing member had filed findings of fact and a recommended order with the Board. Solar filed an objection to the finding of fact and recommended order, and the attorney general filed a memorandum in opposition to those objections. The attorney general's memorandum was served by mail upon Bowman. At its meeting of January 25, 1978, the Board rejected Solar's objections, and adopted the findings of fact and the order, with amendments.

Under a cover letter dated February 7, 1978, the Board sent to Bowman by certified mail its findings and order. It is undisputed that no such notice was mailed directly to Solar, or to Kauble, its resident agent. This notice was received at Bowman's office on February 9, 1978. On February 27, 1978, 18 days later, Solar filed a petition for review of the Board's determination and order in the Superior Court of Marion County.

On April 11, the Board filed a consolidated motion to dismiss alleging, among other

things, that since Solar filed its petition more than 15 days after it was notified of the Board's final determination, the court lacked jurisdiction. The motion was denied. On February 14, Solar moved for summary judgment, stating grounds not relevant here. The Board responded, and also moved for summary judgment. On May 31, 1979, the trial court entered summary judgment in favor of the Board. As modified in partial response to Solar's motion to correct errors, the court's findings of fact and conclusions of law were:

### FINDINGS OF FACT

1. That Petitioner received notice of the final order of the Respondent by certified mail on February 9, 1978;

2. That Petitioner filed its Petition for Review of the said final order on February 27, 1978.

### CONCLUSIONS OF LAW

1. That this Court is empowered to review final orders of the Respondent pursuant to I.C. 4-22-1-14;

2. That Petitioner did not timely file its Petition for Review pursuant to I.C. 4-22-1 14;

3. That because of the untimely filing the Court lacks subject matter jurisdiction of this action.

Accordingly, the petition was dismissed. From that ruling, Solar appeals.[1]

### ISSUES

The sole issue presented is:

Is service of notice of an administrative decision upon the *attorney* of the party against whom the ruling was made, sufficient to commence the 15–day period for filing a petition to review that ruling under Ind.Code 4–22–1–14?

---

1. While, by the terms of the summary judgment, the finding that petitioner received notice on February 9 is stated as a finding of fact, implicit in that finding of fact is an interpreta-
tion of the Indiana Administrative Adjudication Act, which interpretation is the issue on appeal.

*CONTENTIONS OF THE PARTIES* - Solar contends that Indiana courts have always strictly applied the provisions of the Administrative Adjudication Act. In sending notice of its final ruling to Solar's attorney, instead of to Solar, the Board did not meet the specific notice requirements of Section 14 of the Act (infra). No notice having ever been given directly to Solar, Solar contends that the 15-day statute of limitations period has never been triggered, and it would be inequitable to apply the Act strictly against it, and loosely against the Board.

The Board argues that the provisions for the notice required by Section 14 do not adequately specify the persons on whom this is to be served; and that that uncertainty should be resolved by resort to Trial Rule 5(B). Its service upon Solar's counsel, then, would be sufficient to start the limitation period.

Because of our resolution of the notice issue in this case, we need not address Solar's other alleged errors.

## DECISION

*CONCLUSION* – The trial court erred in concluding that the notice served upon Solar's attorney met the notice requirements of Sections 14 and 6 of the Administrative Adjudication Act.

While lawyers engaged in litigation on behalf of their clients are generally considered to be agents of their clients with respect to that litigation,[2] the circumstances of this case eliminate any such alter egoism. Notice to the lawyer is not notice to the client; the period of limitations involved is short; the trial rules do not apply to administrative agencies; and Section 6 (infra) specifies that notice of the decision "[shall be] . . . *addressed to the person . . against whom an order . . . may be made at their last known place of residence, or place of business . . .*" (emphasis supplied)

■ Trial Rule 5(B), providing for service of process in civil litigation upon the attorney of a party, is not applicable. It is well established in Indiana law that the trial rules do not govern the operations of administrative agencies, nor even conditions precedent to judicial review of administrative decisions. *Clary v. National Friction Products* (1972), 259 Ind. 581, 290 N.E.2d 53; *State v. Bridenhager* (1972), 257 Ind. 699, 279 N.E.2d 794; Trial Rule 1. The Board contends that Trial Rule 5(B) must apply because "the statutory scheme is silent regarding the persons to whom notice of an order or determination of an award must be given," (Brief of appellee, page 9), and cites *Ball Stores, Incorporated v. State Board of Tax Commissioners* as standing for the proposition that when an administrative procedure statute fails to specify some detail, the courts must look to the Indiana Rules of Trial Procedure to supply the missing rule. (1974), 262 Ind. 386, 316 N.E.2d 674. In reaching its decision in *Ball Stores*, the Supreme Court expressly upheld the rule in *Clary* that if there is a conflict between a statute providing for an appeal from a ruling of an administrative agency and the rules of trial procedure, the statute controls. 262 Ind. 386, 393, 316 N.E.2d 674, 677. Justice Prentice also concluded for the majority in *Clary* that:

> The rules of trial procedure, which, as stated in Trial Rule 1, govern the procedure and practice in all courts of the state of Indiana are not applicable to proceedings before the administrative agencies nor to the proceedings requisite to invoking the jurisdiction of reviewing judicial authority.

*Clary, supra*, 259 Ind. at 584 -85, 290 N.E.2d at 55.

■ So the trial rules are of no help in determining whether service of notice on Solar's attorney activated the fifteen day period within which a petition for review had to be filed. But the applicable parts of

**2.** *See, e. g., Lagow v. Patterson* (1824), 1 Blackf. 327; *Blessing v. Dodds* (1876), 53 Ind. 95; *Campion v. State* (1927), 199 Ind. 129, 154 N.E. 802.

the Indiana Administrative Adjudication Act are more than helpful, they are decisive.

In relevant part, Ind.Code 1971, 4–22–1–14 provides:

*Said petition for review shall be filed within fifteen [15] days after receipt of notice* that such order, decision or determination is made by any such agency. Notice shall be given in the manner prescribed by section 6 [4–22–1–6] of this act. Unless a proceeding for review is commenced by so filing such petition within fifteen [15] days any and all rights of judicial review and all rights of recourse to the courts shall terminate. (Emphasis added.)

The section referred to, Ind.Code 1971, 4–22–1–6 (Section 6), provides that notice shall be "in writing by registered or certified mail with return receipt requested, *addressed to the person or persons against whom an order or determination may be made at their last known place of residence, or place of business . . . .*" (Emphasis added.)

There is no ambiguity in Section 6. It was obviously drafted to give notice to persons affected by administrative action so that they might protect their interests accordingly. Thus, the pearl in this legislative oyster is that written notice be given to the affected persons "at their last known . . . place of residence or place of business." A very specific pearl indeed.

Instead notice here was given to Solar's counsel at his place of business. This was against the command of the statute, which we read literally in order to give expression to obvious legislative intent. The Act states in the plainest language that written notice *shall* be given, and that it *shall* be given to the affected persons at their residence or place of business. This is mandatory language; and such language will be

taken at its plain meaning unless to do so would defeat the intention of the legislature. *Allen County Department of Public Welfare v. Ball Memorial Hospital Association* (1969), 253 Ind. 179, 185, 252 N.E.2d 424, 427.

There are other reasons why the Board's "substantial compliance" with the notice requirement did not suffice to start the running of the final 15–day period for filing petitions for review. First, it would be inequitable to give the Board the benefit of its substantial compliance, when Solar's substantial compliance must by law be held for naught.[3] Strict compliance is the law of Section 14. *State ex rel. Sacks Brothers Loan Company v. DeBard* (1978), Ind.App., 381 N.E.2d 119; *White v. Board of Medical Registration and Examination* (1956), 235 Ind. 572, 134 N.E.2d 556.

Second, we are reluctant to alter the plain meaning of a statute (Section 6) providing for a short statute of limitations. Even directory language, when the rights of private persons are involved, will be construed as mandatory. *Clifton v. State ex rel. Dickson* (1911), 176 Ind. 33, 95 N.E. 305. To allow "substantial compliance" with Section 6 by service of notice on counsel does violence to the concept of a short statute of limitations. In the normal order of things it is not reasonable to expect receipt of notice by counsel, communication with the client (person affected), and filing of a petition for review within a brief time frame (15 days). The legislative scheme could not reasonably be considered to be so construed. *See In re Application of Savoy* (1962), Sup., 232 N.Y.S.2d 396, *aff'd sub nom. In re Savoy v. Motor Vehicle Accident Insurance Corp.* (1964), 22 A.D.2d 855, 255 N.Y.S.2d 462.

Accordingly, the summary judgment is reversed and this case remanded for further proceedings consistent herewith.

SHIELDS and SULLIVAN, JJ., concur.

---

**3.** If the Board's argument about notice were accepted, the last day Solar could have filed its petition was Friday, February 24. In fact the petition was filed on Monday, February 27. Had the notice been served one day later, it would be beyond contest that February 27 would have been within the statutory period. Indiana Rules of Trial Procedure 6(A).