The STATE of Indiana on Relation of Nancy Lee PETERSON, et al., Plaintiffs-Appellants,

v.

BOARD OF TRUSTEES OF SOUTH BEND COMMUNITY SCHOOL CORPORATION, et al., Defendants-Appellees.

No. 3–584A118.

Court of Appeals of Indiana, Third District.

Feb. 18, 1985.

Rehearing Denied April 4, 1985.

the 20,321 signatories of a "Petition to Initiate a Plan for Elected School Board." By mandate, Relators sought an order directing appellees, Board of Trustees of South Bend Community School Corporation, to comply with provisions of the Indiana School Reorganization Act.[1] Motions for summary judgment were filed by Relators and the Board, the trial court finding in favor of the Board.

The issue presented for review is whether a written statement of affirmation, as accepted by the Indiana Rules of Trial Procedure, may be considered an affidavit for purposes of the Indiana School Reorganization Act.

■■■ Preliminarily, it must be noted that a summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, admissions and affidavits on file with the court show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Ind.Rules of Procedure, Trial Rule 56; *Bell v. Northside Finance Corp.* (1983), Ind., 452 N.E.2d 951. In reviewing a summary judgment, this Court may not weigh the evidence nor resolve disputes as to different inferences which might be drawn from undisputed facts. The moving party bears the burden of establishing that no material facts are in issue and all doubts and inferences must be resolved in favor of the non-moving party. *Burdsall v. City of Elwood* (1983), Ind.App., 454 N.E.2d 434.

The evidence reveals that Relators' petition was filed, pursuant to Section 6 of the reorganization statute, with the Clerk of the Saint Joseph County Circuit Court for purposes of certification. The Clerk certified a statement submitted by the Board of Voter Registration that the 1,398 pages[2] making up the petition included the names of 20,321 registered voters residing within the boundaries of the South Bend Commu-

Don G. Blackmond, Doran, Manion, Boynton, Kamm & Esmont, South Bend, for plaintiffs-appellants.

Franklin A. Morse, II, Barnes & Thornburg, South Bend, for defendants-appellees.

HOFFMAN, Judge.

Appellants, Relators, initiated an action for mandate, on behalf of themselves and

---

**1.** IND.CODE § 20–4–10.1–1 *et seq.*

**2.** Also referred to as counterparts.

nity School Corporation.[3] Upon delivery of the petition, as certified, to the school corporation, the petition was reviewed by officers of the corporation, the school board trustees and legal counsel. The trustees passed a resolution rejecting the petition based upon a determination by the school corporation and its legal counsel that the petition was legally insufficient and had been improperly certified.

Having been notified of the trustees' resolution, the Clerk asked that the petition be returned for recertification in order to comply with section 6(c) of the reorganization statute.[4] After resubmission of the petition by the Clerk to the school corporation, no further action was taken. The corporation continued to assert that the petition should not have been certified as it did not contain the information required by the reorganization statute. The action for mandate was then initiated by Relators seeking an order from the Circuit Court directing the school corporation to carry out the remaining provisions of the statute.

The portion of the petition in issue appears at the bottom of each page of the petition and is entitled "affidavit."

### "AFFIDAVIT

Under the penalties for perjury, I affirm that each signature on this counterpart was affixed in my presence and is the true and lawful signature of each person who made such signature.

Date: _____ /s/_____ "

Section 6 of the reorganization statute sets forth the elements essential to a valid petition.

"20–4–10.1–6 Certifying petitions

Sec. 6. Certifying Petitions. Where the voters are entitled to file any petition under this chapter [20–4–10.1–1—20–4–10.1–19] with the clerk of the circuit court to initiate a plan, to protest a plan or for an alternative plan, the filing and certification of such petition shall be governed by the following provisions:

(a) Such petition shall show thereon the date on which each person has signed the petition and his residence on such date. The petition may be executed in several counterparts, the total of which shall constitute the petition. Each such counterpart shall contain the names of voters residing within a single county and shall be filed with the clerk of the circuit court of such county. *Each such counterpart shall have attached thereto the affidavit of the person circulating said counterpart that each signature appearing on such counterpart was affixed in his presence and is the true and lawful signature of each person who made such signature....*" (Emphasis added.)

The term "affidavit" is defined at common law as a written statement of fact sworn to as the truth before a duly authorized officer. *Pappas v. State* (1979), 179 Ind.App. 547, 386 N.E.2d 718. The jurat accompanying an affidavit serves as a certificate of the due administration of an oath. *Pappas, supra.*

Relators assert that the statement appearing at the bottom of each page of the petition satisfies the "affidavit" requirement of the reorganization statute if the court accepts as an affidavit, the affirmation appearing in the Indiana Rules of Procedure, Trial Rule 11(B). The section they rely upon appears as follows:

"(B) Verification by affirmation or representation. When in connection with any civil or special statutory proceeding it is required that any pleading, motion, petition, supporting affidavit, or other document of any kind, be verified, or that an oath be taken, it shall be sufficient if the registered voters signing, the total number of registered voters within the boundaries of the school corporation, and the date of filing.

---

**3.** Only registered voters may properly sign the petition.

**4.** The second certification included the number of signatories of the petition, the number of

subscriber simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language:

'I (we) affirm, under the penalties for perjury that the foregoing representation(s) is (are) true.

(Signed) _____ ' "

■ The proceedings established by the School Reorganization Act to initiate change in the selection of school board members are set out by statute. The Act specifically delineates the various steps which must be followed by those seeking to change an existing plan. A valid petition is fundamental to the successful initiation of the change process; therefore, the proceedings may not advance if the petition does not comply with the statutory requisites.

■ Section 6(a) of the reorganization statute explicitly requires the inclusion of an affidavit on each page of the petition, signed by the person circulating it, certifying that the signatures were affixed in his presence and are the true and lawful signatures of the persons signing. The statements referred to as affidavits at the bottom of each page of the petition provide no evidence of being sworn before a duly authorized officer. Since the term "affidavit" is used in the statute, without definition or further explanation, the term should be strictly applied.

■ The trial rules govern the procedure and practice in all *courts* of the State of Indiana and in all *suits* of a civil nature.

Ind.Rules of Procedure, Trial Rule 1; *Clary; Reinhold v. Nat'l. Friction Products* (1972), 259 Ind. 581, 290 N.E.2d 53. The proceedings established by the reorganization act are administrative;[5] the contents of the petition substantive in nature. The filing of a valid petition bears no relation to the type of judicial proceeding to which the trial rules apply. In addition, the courts of this state have consistently held that the operations of administrative agencies are not governed by the trial rules. *Margrat, Inc. v. Ind. State Bd. of Tax Com'rs* (1982), Ind.App., 448 N.E.2d 684; *Solar Sources v. Air Pollution Control Bd.* (1980), Ind.App., 409 N.E.2d 1136; *Clary; Reinhold v. Nat'l. Friction Products, supra.*

■ Relative to a similar statutory proceeding for election contests and recount of votes, the Supreme Court of Indiana has held:

"[t]he procedure for an election contest and for a recount of votes is purely a statutory proceeding, and as we have said many times, one following a statutory proceeding must bring himself strictly within the terms thereof."

*State ex rel. Hodges v. Kosciusko Cir. Ct.* (1980), 273 Ind. 101, at 104, 402 N.E.2d 1231, at 1233, *citing Marra v. Clapp* (1970), 255 Ind. 97, at 98, 262 N.E.2d 630, at 630.

The statute here in question too must be applied strictly. The legislature must be afforded the right to establish specific statutory guidelines for the orderly administration of statutory proceedings. The requirement of an affidavit, as the term is defined at common law, is a reasonable statutory safeguard of the validity and integrity of the petition process.

■ Summary judgment may be granted in favor of a defendant where there is no genuine issue as to the existence of an affirmative defense. Ind.Rules of Procedure, Trial Rule 56(E); *Middlekamp v. Hanewich* (1977), 173 Ind.App. 571, 364 N.E.2d 1024; *Sekerez v. Lake Co. Bd. Comm'rs et al.* (1976), 171 Ind.App. 463, 358 N.E.2d 140. As the statements appearing at the bottom of each page of the petition show no evidence of having been sworn to as truth before a duly authorized officer, they are not affidavits and do not comply with IND.CODE § 20-4-10.1-6(a).

---

5. Within the jurisdiction of the State Board of Education, IND.CODE Title 20.

The trial court properly granted appellees' cross-motion for summary judgment.[6]

Affirmed.

STATON, P.J., and GARRARD, J., concur.

**6.** Had the trial court been unable to grant summary judgment based upon the insufficient "affidavits," it appears summary judgment could have been granted upon appellees' second defense. Section 15 of the reorganization statute prohibits the adoption of a new plan for selection of a governing body (school board) more than once in a six-year period. The record indicates that the governing plan in effect at the time appellants' petition was filed had been adopted February 2, 1981, pursuant to annexation of the South Bend Community School Corporation by the Polk-Lincoln-Johnson School Corporation. A new plan could not be adopted within the six-year period following that adoption.